STATE OF NORTH CAROLINA v. FRED C. SINK

No. COA05-874

(Filed 20 June 2006)

**False Pretenses— aiding and abetting—private work by government employee**

There was sufficient evidence to deny defendant's motion to dismiss the charge of aiding and abetting obtaining property by false pretenses based on a county worker performing a household repair for defendant, a county commissioner, on county time. Defendant's own statement and a prior bad act provided evidence from which intent and knowledge could be inferred.

Appeal by defendant from an order dated 10 March 2005 by Judge W. David Lee in Davidson County Superior Court. Heard in the Court of Appeals 27 March 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Daniel P. O'Brien, for the State.*

*Wyatt, Early, Harris, Wheeler, LLP, by John Bryson, for defendant.*

BRYANT, Judge.

Fred C. Sink (defendant) appeals from an order dated 10 March 2005 consistent with a jury verdict finding him guilty of aiding and abetting obtaining property by false pretenses. For the reasons stated herein, we find no error.

Defendant was a Davidson County Commissioner. Ronald Carol Richardson (Richardson) was the Director of the Davidson County Buildings and Maintenance Department. Richardson fixed a toilet in defendant's residence. This is one of a number of times Richardson

admitted using county property and county employees on county time to perform services for himself, other friends and officials.

Richardson testified that in the early part of 2002, he ran into defendant outside the Davidson County government center after the adjournment of a morning meeting. Defendant told Richardson that he was having some trouble with a toilet at his house that would not stop running. Richardson asked defendant if he wanted Richardson to take a look at the toilet. Richardson went to defendant's house at around 10:30 a.m., in a county vehicle and on county time, even though Richardson was not performing county business. It was a regular work day and he had other county duties to perform. Richardson fixed defendant's running toilet by adjusting the float. Richardson was not on lunch break at the time he performed the service; and defendant did not pay Richardson for the personal service or ask Richardson to take vacation or leave time. Richardson did not denote on his time sheets any time taken off to perform the service for defendant.

At trial the State presented evidence that defendant, when questioned by the SBI, stated that although he could not recall any specifics, Richardson may have come to his house on county time and in a county vehicle in 2002. Defendant stated it was possible he even rode with Richardson in a county vehicle to fix the toilet at defendant's house. .Defendant stated he has always considered Richardson a good friend and indicated that Richardson would have done anything anyone asked.

The State provided additional evidence to which defendant did not object. During the 1990's, Richardson was an employee under Jessie Cecil (Director of Buildings and Maintenance for the county) and defendant was the County Director of Emergency Management. At that time, Richardson and Cecil went to defendant's house to fix the toilet in defendant's upstairs bathroom. They went in a county vehicle, on county time, when both of them had other county duties to perform. In 2002, defendant brought Richardson upstairs, to the same bathroom where Richardson and Cecil had fixed defendant's toilet in the 1990's. Richardson testified he was never told by defendant or by Cecil to take time off to perform the personal service; and it was not part of his county duties to perform purely personal services at the home of the Director of Emergency Management. The trial court gave a limiting instruction in accordance with Rule 404(b) that the prior act (1990's) evidence was to be considered solely to show defendant's intent, plan, scheme, or design with respect to

the offense for which he was being tried. After his conviction by a jury, defendant appeals.

---

The dispositive issue is whether the trial court erred in denying defendant's motion to dismiss the charge of aiding and abetting obtaining property by false pretenses based on insufficient evidence. At the outset, we note defendant submitted a reply brief on 8 March 2006, two days after the time for filing a reply brief had passed, pursuant to N.C. R. App. P. 28(h)(3). Therefore, we grant the State's motion to strike defendant's reply brief and decide the case on the original briefs and record which were timely filed. *Steingress v. Steingress*, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999).

"In considering a motion to dismiss, it is the duty of the court to ascertain whether there is substantial evidence of each essential element of the offense charged." *State v. Smith*, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 78-79, 265 S.E.2d at 169. In ruling on a defendant's motion to dismiss, the evidence is viewed in the light most favorable to the State and the State is allowed every reasonable inference. *Id.*

A person is guilty of a felony based on the common-law concept of aiding and abetting where, (1) the crime was committed by another person; (2) the defendant knowingly advised, instigated, encouraged, procured or aided the other person; and (3) the defendant's actions or statements caused or contributed to the commission of the crime by the other person. *State v. Francis*, 341 N.C. 156, 161, 459 S.E.2d 269, 272 (1995). Section 14-100 of the North Carolina General Statutes, governing the offense of obtaining property by false pretenses provides as follows:

> If any person shall knowingly and designedly by means of any kind of false pretense whatsoever . . . obtain or attempt to obtain from any person within this State any money, goods, property, services, chose in action, or other thing of value with intent to cheat or defraud any person of such money, goods, property, services, chose in action or other thing of value, such person shall be guilty of a felony.

N.C. Gen. Stat. § 14-100 (2005).

Defendant argues the false pretense consists of Richardson falsely filling out his time sheet at the conclusion of his pay period

and failing to note the time he spent fixing defendant's toilet was personal time. Further, defendant argues that while the State presented evidence that Richardson fixed defendant's toilet and later claimed to be paid for doing so, the State failed to present any evidence defendant was even aware of Richardson's false claim, or that he was present with and aided or assisted Richardson in making the false claim. Defendant's argument limits Richardson's felonious intent to occurring completely or spontaneously after fixing defendant's toilet by framing the felony as only the falsification of time records. The indictment, however, defines the false pretense not as falsifying the time sheet, but as performing the repair during normal working hours and receiving regular county pay when such act was not county business but strictly private work.

The statute provides a false pretense may be of a past or subsisting fact or future fulfillment or event. N.C. Gen. Stat. § 14-100(a) (2005). In *State v. Horton*, 73 N.C. App. 107, 326 S.E.2d 54 (1985), defendant purchased items from a department store, paying by check, and shortly thereafter, reported to her bank that the checks had been stolen and were therefore forgeries. *Horton* at 110-11, 326 S.E.2d at 57. The defendant argued there was no evidence to show she had made a misrepresentation to the department store. Our court determined:

> When a person presents a check to a merchant in exchange for merchandise, [that person] is representing that the amount of money specified on the check will be given to the merchant when that check is presented to the drawer's bank. If the drawer then commits some act in the future, such as falsely reporting that the check was stolen, which causes the check to be dishonored and the merchant to receive no money for the merchandise, [the person] has made a misrepresentation as contemplated under G.S.14-100. In this case, there was ample evidence from which the jury could conclude that the defendant falsely reported the checks as having been stolen after having obtained merchandise in exchange for the checks.

*Id.* Similarly, in the case *sub judice*, Richardson's false pretense encompasses not only falsifying his time sheets, but includes providing private services on public time. Richardson wrongfully obtained public funds when he provided private services and later falsified his time sheets.

STATE v. SINK

[178 N.C. App. 217 (2006)]

When there is evidence that the individual knew about and aided in the offense, or shared the intent and was in a position to aid and encourage, the matter should go to a jury. *State v. Haywood*, 295 N.C. 709, 719, 249 S.E.2d 429, 435 (1978). Therefore, the State must show sufficient evidence of defendant's knowledge and intent that he instigated and encouraged Richardson in providing private services at taxpayer expense, while holding himself out to be working for the county. Knowledge and intent, as processes of the mind, are often not susceptible of direct proof and in most cases can be proved only by inference from circumstantial evidence. *State v. Keel*, 333 N.C. 52, 61, 423 S.E.2d 458, 464 (1992). The State presented evidence from which to infer knowledge and intent through defendant's own statement and through a prior bad act offered to prove intent. Upon questioning by the SBI agent, defendant did not deny he asked Richardson to come to his residence in 2002 and fix a toilet on county time. Further, defendant stated although he could not recall any specifics, Richardson may have come to his house on county time and in a county vehicle, and it was possible he even rode with Richardson in a county vehicle to fix the toilet at his house. In addition, the prior act evidence showed Richardson and another county employee went to defendant's house and on county time, fixed defendant's upstairs toilet—the same toilet Richardson fixed in 2002. From this evidence a jury could rationally conclude that defendant had the intent in 2002 to get a county employee, at county expense and during normal working hours, to provide him with purely private services. We conclude the evidence submitted by the State was sufficient to survive defendant's motion to dismiss. This assignment of error is overruled.

No error.

Chief Judge MARTIN and Judge HUDSON concur.