IN THE MATTER OF TRACEY E. CLINE

No. COA12-964

Filed 1 October 2013

**1. Courts—removal of district attorney—continuance denied**

The trial court did not abuse its discretion by denying a second motion for a continuance by a district attorney in a proceeding to remove her from office. The statutory time frame for this type of proceeding is tight and the trial judge made accommodations for the district attorney.

**2. Courts—removal of district attorney—discovery**

A district attorney did not have a right to discovery in a proceeding to remove her from office in the absence of statutory or rule-based provisions. Moreover, the district attorney could not show prejudice because the trial court explicitly limited the evidence and the district attorney knew precisely what evidence could be brought against her.

**3. Courts—removal of district attorney—burden of persuasion**

In a proceeding to remove a district attorney, the trial court did not err by failing to clearly delineate which party bore the burden of persuasion. It was clear from the trial court's formulation of the standard of proof required, and of the manner in which the hearing was conducted, that the burden of proof rested squarely upon the parties who instituted these proceedings.

**4. Constitutional Law—procedural due process—removal of district attorney**

The trial court did not err by denying a district attorney's motion to dismiss a removal proceeding against her for violations of procedural due process. The underlying issues were resolved against her elsewhere in the opinion.

**5. Constitutional Law—removal of district attorneys—language not unconstitutionally vague**

The language in N.C.G.S. § 7A-66(6) providing for the removal of district attorneys is not unconstitutionally vague.

**6. Constitutional Law—free speech—removal of district attorney**

The procedure for removing a district attorney from office did not violate her right to free speech under the First Amendment of the United States Constitution. Statements made with actual malice are not protected by the First Amendment.

**7. Immunity—district attorney—civil defamation immunity— not applicable**

Civil defamation immunity did not apply to a district attorney in a removal proceeding. While statements made in a judicial proceeding will not support a civil defamation action, there is no authority for applying civil defamation immunity to disciplinary proceedings. Furthermore, the trial court examined all of the district attorney's statements submitted as evidence of misconduct through the lens of qualified immunity and properly distinguished between statements which were not made with actual malice and those made with actual malice.

**8. Constitutional Law—district attorney—actual malice—not protected speech**

Speech by a district attorney that involved actual malice was not constitutionally protected and the district attorney did not receive

the protection given to government employees for constitutionally protected speech.

**9. Courts—removal of district attorney—lay opinion testimony**

The trial judge did not err in a district attorney's removal proceeding by allowing lay witnesses to give opinion testimony on the subject of whether the district attorney's conduct brought her office into disrepute. The proceedings were conducted without a jury and the presumption was that the trial court based its judgment solely on the admissible evidence.

**10. Appeal and Error—preservation of issues—constitutional issue—not raised at trial**

A constitutional issue raised at oral argument but not at trial was not preserved for appeal.

Appeal by Tracey E. Cline from an order entered 2 March 2012 by Judge Robert H. Hobgood in Durham County Superior Court. Heard in the Court of Appeals 13 February 2013.

*Patterson Harkavy, LLP, by Burton Craige and Narendra Ghosh, and Law Office of Kerstin Walker Sutton, PLLC, by Kerstin Walker Sutton, for appellee.*

*Van Camp, Meacham & Newman, PLLC, by James R. Van Camp and Patrick M. Mincey, for Tracey E. Cline.*

STEELMAN, Judge.

In a proceeding pursuant to N.C. Gen. Stat. § 7A-66 for removal of a district attorney from office, the trial court did not err in denying appellant's motion to continue where statute mandated a specific time period within which the matter must be heard. Where N.C. Gen. Stat. § 7A-66 did not provide for discovery, and no other statute or rule created such a right, appellant was not entitled to discovery. Where the trial court defined the burden of proof as clear, cogent and convincing evidence, and it was clear from the proceedings that this burden was upon the party that initiated the proceedings, the trial court did not err. The trial court's rulings did not violate appellant's right to due process. The standard set forth in N.C. Gen. Stat. § 7A-66 of conduct prejudicial to the administration of justice which brings the office into disrepute is not unconstitutionally vague. Where the trial court found that appellant's speech was made with actual malice, it was not protected speech under

the First Amendment. Where the matter was heard without a jury, it is presumed that the trial court considered only admissible evidence, and the trial court did not err in admitting lay testimony.

## I. Factual and Procedural History

On 13 January 2012, Durham attorney Kerstin Sutton filed a sworn affidavit pursuant to N.C. Gen. Stat. § 7A-66 charging Tracey Cline (Cline), the elected District Attorney for Durham County, with numerous grounds for suspension or removal from office. On 27 January 2012, the trial court found probable cause to suspend Cline, and ordered that an inquiry be held pursuant to N.C. Gen. Stat. § 7A-66. The hearing was originally scheduled for 13 February 2012, but was continued until 20 February 2012 "to allow Ms. Cline time to recover from an illness and to employ an attorney." On 17 February 2012, the trial court denied Cline's second motion to continue the matter until the first Monday in March 2012. However, the trial court entered an order limiting evidence to "statements made by Tracey Cline in written court filings and in open court on the record as shown on transcripts of record[,]" and stated that Cline "would not be called upon to present evidence until Friday, 24 February 2012."

On 20 February 2012, the trial court heard from Ms. Sutton, as well as the following additional witnesses: Staples Hughes, Director of the North Carolina Office of the Appellate Defender; Tracy Hillabrand, Durham County Deputy Clerk of Superior Court; Angela Kelly, Durham County Assistant Clerk of Superior Court; Thomas Maher, Director of the North Carolina Office of Indigent Defense Services; Cheri Patrick, Durham County private family law attorney; and David Ball, a jury consultant. The trial court took judicial notice of the cases cited by Ms. Sutton in her complaint, and admitted into evidence various filings by Cline and court transcripts in those cases.

At the conclusion of the evidence presented against her, Cline moved that the court define the burden and standard of proof. The court defined the burden of proof under N.C. Gen. Stat. § 7A-66 as "clear, cogent and convincing evidence[.]" Cline moved to dismiss for insufficiency of the evidence, for violations of substantive due process, for vagueness of the statute, and on the grounds of constitutionally protected speech. The trial court denied Cline's motions to dismiss for due process and statutory vagueness, and withheld ruling on the protected speech issue.

On 24 February 2012, Cline testified, and was cross-examined on 27 February 2012. Additional witnesses testified on her behalf: Susan Perez-Trabis, a woman whose daughter was the victim of a crime

that Cline prosecuted; Bill Cotter, a Durham County attorney; Chief District Court Judge Marcia Morey; and Durham Police Chief Jose Lewis Lopez, Sr.

On 29 February 2012, at the close of all of the evidence, Cline renewed her motions to dismiss. The trial court then heard the arguments from the parties as to the protected speech issue. The trial court denied Cline's motions to dismiss, but again reserved ruling on the protected speech issue.

On 2 March 2012, Judge Hobgood filed an order removing Cline from the office of District Attorney for Durham County. The trial court found that Cline's statements "made verbally and in written court documents about Judge Orlando F. Hudson, Jr.[1] that have been quoted in this Order are not supported by facts and have brought the office of the Durham County District Attorney into disrepute." The trial court further found that Cline's allegation of judicial corruption on the part of Judge Hudson was "not only false; it is inexcusable and clearly, cogently and convincingly demonstrates the personal animosity and ill will of Tracey E. Cline toward Judge Hudson and her actual malice in making the statements."

The trial court concluded that certain of Cline's statements, "though vehement, caustic and unpleasantly sharp in attacking Judge Hudson, and although untruthful, may well fall under the umbrella of protected speech under the First Amendment." Although those statements "violate North Carolina State Bar Rule of Professional Conduct 8.2 and are abusive and repetitive[,]" the trial court concluded that Cline had qualified immunity to utter them.

The trial court further found that certain of Cline's statements were not protected by the First Amendment, and constituted grounds for removal from office. The statements that the court found to be a basis for removal were:

> 19. "The District Attorney alleges, based on personal knowledge that this Honorable Court's [Judge Hudson] misconduct involves more that an error of judgment or a mere lack of diligence; this Court's actions encompasses conduct involving moral turpitude, dishonesty and corruption." Exhibit 1, page 1, Conflict of Interest Between the State and This Honorable Court, State v. Dorman.
>
> ...

---

1. Judge Hudson was the Senior Resident Superior Court Judge for Durham County.

24. "The District Attorney may personally accept the planned purposeful personal attacks of this Court [Judge Hudson], but there are some sacrifices that are too great for the District Attorney to accept, kidnapping the rights of victims and their families, holding these rights for hostage until the prosecutor plays the game would bankrupt the credibility of our court system and Justice will not play that Game." Exhibit 1, page 11.

...

28. "The intentional malicious misconduct of this Court [Judge Hudson] is covered by the robe, and rationally relied on by reporters and the public. Then media mayhem -- another prosecutor withheld evidence; this shameful disgraceful conduct is unimaginable, but true with this Honorable Court. This is gross misconduct." Exhibit 3, Pages 79-80 Paragraph 299.

...

39. "This Honorable Court [Judge Hudson] is in total and complete violation of the North Carolina Code of Judicial Conduct and ... will continue to violate the North Carolina Code of Judicial Conduct with regard to the rights of others, no regard of the constitutional protections of the victims of crime, and no regard to the simple difference between right and wrong." Exhibit 5, Page 272, Paragraph 1014.

40. "Orders full of false findings are relayed to and relied upon by the press to agitate or ignite even more distrust in the prosecutors, law enforcement and the entire criminal justice system and for the root of this unjustified contempt to be conceived in the womb of justice, a judge, sworn to be fair and impartial, destroys the dignity of the office of this Honorable Court [Judge Hudson] and for those who use this Court for special situations outside the lines of right and wrong; don't hide your dirty hands; and to those who have seen, and know, yet turn a blind eye, acknowledge your hands are covered with the blood of justice, And be ashamed." Exhibit 5, Page 283.

These findings were specific statements made by Cline in the cases of *State v. Dorman*, 10 CRS 7851, (findings of fact 19 and 24) *State*

*v. Yearwood,* 99 CRS 65452, 65460, 65461, and 65462, (finding of fact 28) and *State v. Peterson,* 01 CRS 24821 (findings of fact 39 and 40). The trial court concluded that the statements listed

> in the findings of fact paragraph numbers 19: "misconduct . . . involving **moral turpitude, dishonesty and corruption,**" paragraph 24: "kidnapping the rights of victims and their families," paragraph 28: "intentional malicious conduct," paragraph 39: "this Court is in total and complete violation of the North Carolina Code of Judicial Conduct," and paragraph 40: "the root of this contempt to be conceived in the womb of justice, a judge, . . . acknowledge that your hands are covered with the blood of justice, and be ashamed" are not protected by any guarantees of free speech under the First Amendment, nor did Tracey E. Cline possess a qualified immunity to make those untruthful statements with reckless disregard for the truth. This false, malicious, direct attack on Judge Orlando F. Hudson, Jr., to which Judge Hudson, under the Code of Judicial Conduct, cannot respond publically, goes far beyond any protected speech under the First Amendment and cannot be and is not supported by any facts in the record or which can be reasonably inferred from the record. These specific statements were made with actual malice and with reckless disregard for the truth.

The trial court concluded that Cline made these statements with actual malice, removing them from the protections of the First Amendment and qualified immunity, which brought the office of the Durham County District Attorney "into disrepute as set forth in N.C. Gen. Stat. § 7A-66(6)." The trial court further concluded that "the statements of Tracey Cline in findings of facts paragraphs 19, 24, 28, 39 and 40 of this Order has [sic] impeded the efficient flow of work in the Superior Courts of Durham County. The falsity of the statements and the reckless manner in which they were made without regard to their truth afford no constitutional free speech protection to Tracey Cline for their utterance." The trial court ordered Cline removed from the office of District Attorney for Durham County pursuant to N.C. Gen. Stat. § 7A-66(6).

Cline appeals.

## II. Denial of Motion to Continue

In her first argument, Cline contends that the trial court erred in denying her motion to continue. We disagree.

### A. Standard of Review

Denial of a motion to continue is reviewed for abuse of discretion. *Kimball v. Vernik*, 208 N.C. App. 462, 466, 703 S.E.2d 178, 181 (2010). "Continuances are generally disfavored, and the burden of demonstrating sufficient grounds for continuation is placed upon the party seeking the continuation." *In re J.B.*, 172 N.C. App. 1, 10, 616 S.E.2d 264, 270 (2005).

### B. Analysis

[1] Removal of a district attorney is a rare occurrence in this state; there is only one prior case where a district attorney was removed from office: *In re Spivey*, 345 N.C. 404, 480 S.E.2d 693 (1997).[2] *Spivey* held that a proceeding under § 7A-66 is "an inquiry; it is neither a civil suit nor a criminal prosecution." *Id.* at 418, 480 S.E.2d at 701. "A proceeding resulting in the removal of an individual from public office must accord that individual due process of law." *Id.* at 417, 480 S.E.2d at 700.

N.C. Gen. Stat. § 7A-66 provides that "[i]f a hearing, with or without suspension, is ordered, the district attorney should receive immediate written notice of the proceedings and a true copy of the charges, and the matter shall be set for hearing not less than 10 days nor more than 30 days thereafter." N.C. Gen. Stat. § 7A-66 (2011); *see also Spivey*, 345 N.C. at 418, 480 S.E.2d at 701.

The trial court found that there existed probable cause to remove Cline from office on 27 January 2012. Cline was served with a copy of the Order of Suspension that set the matter for hearing on 13 February 2012 on 30 January 2012. The trial court was therefore required by statute to hold the hearing between 9 February 2012 and 29 February 2012.

On 13 February 2012, Cline filed a motion seeking a continuance, dated 10 February 2012, seeking a postponement of the scheduled 13 February 2012 hearing until the maximum time allowed by statute. This motion cited personal illness and the inability of Cline to procure counsel as the basis for the motion. On 13 February 2012, the trial court continued the hearing until 20 February 2012. On 16 February 2012, Cline's counsel filed a notice of appearance, a motion to continue the 20 February 2012 hearing, and a request for an emergency hearing on 17 February 2012. On 17 February 2012, the trial court denied Cline's motion to continue the hearing until the first Monday in March of 2012.

---

2. There is a second case, *In re Hudson*, 165 N.C. App. 894, 600 S.E.2d 25 (2004), where there was an affidavit filed alleging misconduct on the part of the district attorney. The trial court declined to·remove or suspend the district attorney, and that ruling was upheld on appeal.

At that time, the trial court held that "[t]he only relevant evidence would be related to statements made by Tracey E. Cline. That is the inquiry of the Court." Recognizing that Cline's counsel had only recently come into the case, the trial court ruled that Cline would not be required to present evidence prior to Friday morning, 24 February 2012.

N.C. Gen. Stat. § 7A-66 states that "the matter *shall* be set for hearing not less than 10 days nor more than 30 days thereafter." N.C. Gen. Stat. § 7A-66 (emphasis added). The use of the word "shall" in a statute is mandatory. *See Multiple Claimants v. N.C. Dep't of Health & Human Servs.*, 361 N.C. 372, 378, 646 S.E.2d 356, 360 (2007) (citing *State v. Johnson*, 298 N.C. 355, 361, 259 S.E.2d 752, 757 (1979); *State Farm Mut. Auto. Ins. Co. v. Fortin*, 350 N.C. 264, 269, 513 S.E.2d 782, 784–85 (1999); *Pearson v. Nationwide Mut. Ins. Co.*, 325 N.C. 246, 255, 382 S.E.2d 745, 749 (1989)). Taking into account the tight time frame for this type of proceeding prescribed by statute, and the accommodations that the trial judge made for Cline (postponing the hearing from 13 February 2012 until 20 February 2012, restricting the scope of the hearing to statements made by Cline, and not requiring that Cline present evidence prior to 24 February 2012) we cannot say that the trial court abused its discretion in denying Cline's second motion for a continuance until March 2012.

This argument is without merit.

### III. Denial of Discovery

**[2]** In her second argument, Cline contends that she was denied discovery. We disagree.

Both civil and criminal proceedings in North Carolina courts explicitly provide discovery procedures. N.C. R. Civ. P. 26; N.C. Gen. Stat. § 15A-902; N.C. Gen. Stat. § 15A-903. *See e.g. Young v. Kimberly-Clark Corp.*, ___ N.C. App. ___, ___, 724 S.E.2d 552, 559-60 (2012); *State v. Jones*, 295 N.C. 345, 356-57, 245 S.E.2d 711, 718 (1978). Under *Spivey*, an inquiry considering the possible removal of a district attorney is neither a civil proceeding nor a criminal proceeding. *Spivey*, 345 N.C. at 418, 480 S.E.2d at 701. N.C. Gen. Stat. § 7A-66 makes no provision for discovery. Cline correctly notes that this proceeding is similar to those proceedings before the Judicial Standards Commission. While the rules governing Judicial Standards Commission proceedings provide for discovery, N.C. Judicial Standards Comm'n R. 15, there is no such provision for proceedings pursuant to N.C. Gen. Stat. § 7A-66. Cline has cited no statutory or case law to this Court which would suggest that discovery is mandated in proceedings pursuant to N.C. Gen. Stat. § 7A-66, and we have been unable to find such. Further, given the time limits imposed

by the statutory framework, it is not practicable for discovery to take place. We hold that, in the absence of a statutory or rule-based provision for discovery in proceedings under N.C. Gen. Stat. § 7A-66, Cline did not have a right to discovery.

Cline contends nonetheless that she was denied discovery, and that therefore she was deprived of a fair hearing. However, despite the lack of a right to discovery, the trial court explicitly defined the limits of the evidence – specifically, the trial court limited admissible evidence to "statements made by Tracey Cline in written court filings and in open court on the record as shown on transcripts of record." The trial court further limited the applicable cases to those cited in Ms. Sutton's affidavit. As such, Cline knew precisely what evidence could be brought against her, and should have been able to prepare a defense accordingly. Cline cannot show prejudice as a result of the trial court's actions.

This argument is without merit.

### IV. Failure to Define the Burden of Persuasion

**[3]** In her third argument, Cline contends that the trial court erred in failing to clearly delineate which party bore the burden of persuasion. We disagree.

In Cline's "Motion to Define Burden and Standard of Proof" on 24 February 2012, she noted that N.C. Gen. Stat. § 7A-66 does not define which party bears the burden of proving "the conduct was prejudicial to the administration of justice which brings the office into disrepute." In response to that motion, the trial court held that it would "apply clear, cogent and convincing evidence as the standard that must be met." On appeal, Cline asserts that she could not determine which party bore the burden of persuasion, which is the argumentative component of the burden of proof, to convince the trial court that Cline had engaged in conduct that supported her suspension or removal from office.

N.C. Gen. Stat. § 7A-66 provides that "grounds for suspension of a district attorney or for his removal from office[]" include "[c]onduct prejudicial to the administration of justice which brings the office into disrepute[.]" N.C. Gen. Stat. § 7A-66(6). The purpose of the hearing is for "the superior court judge [to] hear evidence and make findings of fact and conclusions of law and if he finds that grounds for removal exist, he shall enter an order permanently removing the district attorney from office, and terminating his salary. If he finds that no grounds exist, he shall terminate the suspension, if any." N.C. Gen. Stat. § 7A-66.

IN RE CLINE

[230 N.C. App. 11 (2013)]

It is clear from the trial court's formulation of the standard of proof required, and of the manner in which the hearing was conducted, that the burden of proof rested squarely upon the parties who instituted these proceedings. At no point was there even the slightest indication that the trial court was placing upon Cline the burden of proving by "clear, cogent and convincing evidence" a negative proposition; namely that she had not engaged in "conduct prejudicial to the administration of justice which brings the office into disrepute." The trial court required the parties initiating the proceedings to present their evidence first. This was a clear indication that they bore the burden of proof. At the conclusion of the evidence by the parties initiating the proceedings, Cline moved that the proceedings be dismissed. That motion was denied by the trial court. As part of that ruling, the trial court stated that it would "apply clear, cogent and convincing evidence as the standard that must be met."

On appeal, Cline argues that the trial court erred by failing to define the burden of proof. We hold that the trial court did not so err. The transcript of the hearing clearly shows that the burden of proof was placed solely upon those persons who initiated the proceedings, and further that they were to be held to the heightened standard of "clear, cogent and convincing evidence[.]"

This argument is without merit.

### V. Denial of Cline's Motion to Dismiss for Violations of Procedural Due Process

**[4]** In her fourth argument, Cline contends that the trial court erred by denying her motion to dismiss for violations of procedural due process. Specifically, Cline contends that she was forced to conduct the hearing without knowledge of the witnesses against her, the substance of their testimony, the applicable rules and balancing of evidence, and which party would carry the burden of persuasion.

These issues have been resolved in the previous portions of this opinion. We have addressed the fact that Cline was not entitled to discovery, and that the trial court's definition and allocation of the burden of proof was proper.

This argument is without merit.

### VI. Denial of Motion to Dismiss for Statutory Vagueness

**[5]** In her fifth argument, Cline contends that the trial court erred in failing to dismiss the proceedings due to the unconstitutional vagueness of N.C. Gen. Stat. § 7A-66. We disagree.

A. Standard of Review

This Court reviews alleged violations of constitutional rights *de novo*. *State v. Williams*, 208 N.C. App. 422, 424, 702 S.E.2d 233, 236 (2010).

B. Analysis

> The United States Supreme Court and the North Carolina Supreme Court have adopted similar tests for determining whether a statute is unconstitutionally vague. [A] statute is unconstitutionally vague if it either: (1) fails to give the person of ordinary intelligence a reasonable opportunity to know what is prohibited; or (2) fails to provide explicit standards for those who apply [the law]. Although a statute must satisfy both prongs of this test, impossible standards of statutory clarity are not required by the constitution. As long as a statute provides an adequate warning as to the conduct it condemns and prescribes boundaries sufficiently distinct for judges and juries to interpret and administer it uniformly, constitutional requirements are fully met.

*Malloy v. Cooper*, 162 N.C. App. 504, 507, 592 S.E.2d 17, 20 (2004) (citations and quotations omitted).

The statute authorizing the removal of district attorneys sets forth seven specific bases for removal. The trial court's decision rested upon only one of the provisions of N.C. Gen. Stat. § 7A-66: "[c]onduct prejudicial to the administration of justice which brings the office into disrepute[.]" N.C. Gen. Stat. § 7A-66(6). Cline contends that "[this provision] is nebulous, unduly tentative and its prohibitions left entirely to conjecture." She further contends that "7A-66 is silent as to what *evidence* sufficiently constitutes a district attorney office's alleged 'disrepute.' "

Similar language is found in other statutes. N.C. Gen. Stat. § 7A-376(b) provides that a judge may be disciplined for "conduct prejudicial to the administration of justice that brings the judicial office into disrepute." In *In re Nowell*, 293 N.C. 235, 242–43, 237 S.E.2d 246, 251 (1977), our Supreme Court rejected a challenge to this statute as being vague and overbroad. This standard is "no more nebulous or less objective than the reasonable and prudent man test which has been a part of our negligence law for centuries." *Nowell*, 293 N.C. at 243, 237 S.E.2d at 251.

We hold that the Supreme Court's ruling in *Nowell* is determinative of this argument. The language contained in N.C. Gen. Stat. § 7A-66(6) is not unconstitutionally vague.

This argument is without merit.

## VII. Violation of Free Speech

**[6]** In her sixth argument, Cline contends that the procedure for removing her from office violates her right to free speech under the First Amendment of the United States Constitution. We disagree.

### A. Standard of Review

This Court reviews alleged violations of constitutional rights *de novo*. *State v. Williams*, 208 N.C. App. 422, 424, 702 S.E.2d 233, 236 (2010).

### B. Analysis

Cline contends that her statements that were the basis of her removal from office were protected by the First Amendment of the United States Constitution.

The First Amendment precludes a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with actual malice. Actual malice means knowledge of, or reckless disregard for, the falsity of a statement. *New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80, 11 L. Ed. 2d 686, 706 (1964). Lawyers who make derogatory remarks about judges are similarly protected from civil or criminal liability unless actual malice is shown. *Garrison v. Louisiana*, 379 U.S. 64, 74, 13 L. Ed. 2d 125, 132 (1964). However, these principles only offer immunity from a civil suit for damages, not from other forms of discipline. *Imbler v. Pachtman*, 424 U.S. 409, 428-29, 47 L. Ed. 2d 128, 142 (1976). The First Amendment does not afford protection to the utterer for all statements made. *See e.g. Spivey*, 345 N.C. at 414-15, 480 S.E.2d at 698-99 (holding that the First Amendment does not protect "the use of racial invective by a public official against a member of the public in a bar.").

Judge Hobgood's order contained the following finding of fact:

51. The conduct of Tracey Cline and her statements, written and oral, in public documents as itemized in Findings of Fact Paragraphs 19 through 24, 26 through 30 and 32 through 42 of this Order are not supported by facts, are inflammatory in nature and bring the office of the Durham County District Attorney into disrepute. The fact that Tracey E. Cline stated that Judge Orlando F. Hudson, Jr. is "corrupt" is not only false; it is inexcusable and clearly, cogently and convincingly demonstrates the personal

IN RE CLINE

[230 N.C. App. 11 (2013)]

animosity and ill will of Tracey E. Cline toward Judge Hudson and her actual malice in making the statements.

Based upon this ultimate finding of fact, and the evidentiary findings referenced therein, the trial court made the following conclusions of law:

> 22. The statements of Tracey E. Cline, verbal and written, as set forth in this Order in the findings of fact paragraph numbers 19: "misconduct . . . involving **moral turpitude, dishonesty and corruption**," paragraph 24: "kidnapping the rights of victims and their families," paragraph 28: "intentional malicious conduct," paragraph 39: "this Court is in total and complete violation of the North Carolina Code of Judicial Conduct," and paragraph 40: "the root of this contempt to be conceived in the womb of justice, a judge, . . . acknowledge that your hands are covered with the blood of justice, and be ashamed" are not protected by any guarantees of free speech under the First Amendment, nor did Tracey E. Cline possess a qualified immunity to make those untruthful statements with reckless disregard for the truth. This false, malicious, direct attack on Judge Orlando F. Hudson, Jr., to which Judge Hudson, under the Code of Judicial Conduct, cannot respond publically, goes far beyond any protected speech under the First Amendment and cannot be and is not supported by any facts in the record or which can be reasonably inferred from the record. These specific statements were made with actual malice and with reckless disregard for the truth.
>
> 23. The statements of Tracey E. Cline, verbal and written, as set forth in the findings of fact paragraphs 19, 24, 28, 39 and 40 in this Order were made with actual malice, for which she has no qualified immunity and which are not protected speech under the First Amendment, constitute conduct by her that is prejudicial to the administration of justice which brings the office of the Durham County District Attorney into disrepute as set forth in N.C. Gen. Stat. § 7A-66(6).

Pursuant to our *de novo* review, we hold that the findings of fact supported the trial court's conclusion that Cline acted with actual malice. Statements made with actual malice are not protected by the First

Amendment. *New York Times*, 376 U.S. at 279-80, 11 L. Ed. 2d at 706. Cline's speech was not protected under the First Amendment.

**[7]** Cline further contends that she is entitled to qualified immunity, as the statements were made in the context of her duties as District Attorney for Durham County.

Defamatory statements made in the due course of judicial proceedings are absolutely privileged and will not support a civil action for defamation, even though they be made with express malice. *Jarman v. Offutt*, 239 N.C. 468, 472, 80 S.E.2d 248, 251 (1954). However, this immunity applies to defamation actions, designed to make a victim of defamation whole by seeking money damages from the alleged slanderer. The proceeding before us is a proceeding for the removal of a district attorney, not a suit for monetary damages. Cline has cited no case or statutory authority that applies the rules of civil defamation immunity to a disciplinary proceeding, nor can we find any. We hold that this immunity does not provide a shield for Cline in this proceeding.

We further note that the trial court examined all of Cline's statements submitted as evidence of misconduct through the lens of qualified immunity. "Generally, qualified immunity protects public officials from personal liability for performing discretionary functions to the extent that such conduct " 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Moore v. Evans*, 124 N.C. App. 35, 48, 476 S.E.2d 415, 425 (1996) (quoting *Corum v. Univ. of N.C.*, 330 N.C. 761, 772-73, 413 S.E.2d 276, 284 (1992)). When the defense of qualified immunity is raised, the burden is on the opposing party to present evidence of actual malice in order to negate the defense. *Kroh v. Kroh*, 152 N.C. App. 347, 356, 567 S.E.2d 760, 766 (2002).

The trial court concluded that "Tracey E. Cline had qualified immunity to make [the statements cited in fifteen findings of fact] in this Order, **but only as it relates to this inquiry under N.C. Gen. Stat. § 7A-66.**" By contrast, the trial court found that the statements set forth in findings of fact 19, 24, 28, 39, and 40 "are not protected by any guarantees of free speech under the First Amendment, nor did Tracey E. Cline possess a qualified immunity to make those untruthful statements with reckless disregard for the truth." We hold that the trial court properly distinguished between Cline's statements which were not made with actual malice, and thus were protected by qualified immunity, and those made with actual malice.

**[8]** Cline further contends that N.C. Gen. Stat. § 7A-66 does not survive strict scrutiny under First Amendment analysis, because it restricts constitutionally protected speech. However, as previously noted, Cline's speech involved actual malice, and was not protected. We note that, in the *Spivey* case, unprotected speech formed the basis of the removal of Spivey as district attorney. *See Spivey*, 345 N.C. at 414-15, 480 S.E.2d at 698-99 (holding that the use of racial invective by Spivey constituted unprotected speech).

**[9]** Cline further contends that a government employee cannot be removed due to her constitutionally protected speech. However, unprotected speech does not receive this benefit. *See Henry v. Dep't of Navy*, 902 F.2d 949, 953 (Fed. Cir. 1990 (upholding dismissal of public employee for making "patently false and unfounded accusations"). Since Cline's speech was not constitutionally protected, this argument is not applicable to this case.

This argument is without merit.

## VIII.  Admission of Lay Testimony

**[9]** In her seventh argument, Cline contends that the trial court erred in admitting lay testimony during the proceedings. We disagree.

### A.  Standard of Review

We review the trial court's admission of lay opinion testimony for abuse of discretion. *State v. Collins*, ___ N.C. App. ___, ___, 716 S.E.2d 255, 259 (2011).

### B.  Analysis

Cline contends that the trial court erred in allowing lay witnesses to give opinion testimony on the subject of whether Cline's conduct brought her office into disrepute. Cline contends that admitting this evidence "converted the courtroom inquiry into a polling station: the affiant called [witnesses] to testify about their opinion of the reputation of the District Attorney's Office, thereby obligating Ms. Cline to call witnesses who testified to the contrary."

We find the Supreme Court's decision in *Spivey* dispositive of this issue. In *Spivey*, the conduct that triggered the removal proceeding was the use of racial epithets in a bar by the district attorney. On appeal, Spivey contended "that the hearing consisted of a stream of witnesses who, through personal anecdotes and opinions, described in detail the history of the mistreatment of African–Americans." *Spivey*, 345 N.C. at 416, 480 S.E.2d at 700. Our Supreme Court agreed, but noted that:

it is crucial to note that this matter was heard without a jury. In this context, we cannot say the trial court erred in allowing the African–American citizens who testified to give anecdotal testimony relating to the pain and frustration they had felt as a result of long-past acts of racism. Where, as here, the trial judge acted as the finder of fact, it is presumed that he disregarded any inadmissible evidence that was admitted and based his judgment solely on the admissible evidence that was before him. *Bizzell v. Bizzell,* 247 N.C. 590, 604–06, 101 S.E.2d 668, 678–79, *cert. denied,* 358 U.S. 888, 3 L.Ed.2d 115 (1958). The ultimate finding of the superior court, that Spivey's conduct giving rise to this inquiry was conduct prejudicial to the administration of justice which brings the office into disrepute, is supported by the evidence and the other findings. The statute itself compels removal upon a finding of one of the enumerated grounds and leaves no discretion in this regard with the superior court. N.C.G.S. § 7A–66. Therefore, this assignment of error must be overruled.

*Id.* at 416-17, 480 S.E.2d at 700.

Our Supreme Court held that, given the fact that these proceedings are conducted without a jury, and given the presumption that the trial court based its judgment solely on admissible evidence, a challenge to the admission of lay witness testimony in a proceeding for the removal of a district attorney must fail.

This argument is without merit.

## IX.  Facial Challenge

[10]  At oral argument, Cline contended that N.C. Gen. Stat. § 7A-66(6) was facially unconstitutional. "A constitutional issue not raised at trial will generally not be considered for the first time on appeal." *Anderson v. Assimos,* 356 N.C. 415, 416, 572 S.E.2d 101, 102 (2002). Since this argument was not raised before the trial court, it is not properly before us on appeal.

## X.  Conclusion

For the foregoing reasons, the order of the trial court is

AFFIRMED.

Judges GEER and HUNTER, JR., ROBERT N. concur.