DAVIS, Judge.
 

 *419
 
 Clayton Michael Jones ("Defendant") appeals from his convictions for two counts of second-degree sexual exploitation of a minor. On appeal, he contends that the trial court (1) lacked the authority to grant his request for a waiver of his right to a trial by jury; (2) improperly considered inadmissible evidence that had been suppressed before trial; (3) erred in denying his motion to dismiss the charges against him due to a fatal variance between the date of the offenses listed on the indictments and the date established by the evidence at trial; and (4) improperly denied his motions to dismiss. After careful review, we conclude that Defendant received a fair trial free from prejudicial error.
 

 Factual Background
 

 The State presented evidence at trial tending to establish the following facts: On 18 October 2009, images of child pornography were downloaded to a computer later established as belonging to Defendant. The street address associated with the IP address for the computer was the home of Defendant's parents on Osborn Mill Road in Randolph County, North Carolina.
 

 The images were downloaded via a "peer-to-peer" file sharing software program known as "Gnutella," which-by means of a download engine-allows its users to download image files from other users of the program. Gnutella utilizes a search function where users type in a description of the image file for which they are searching using descriptive terms and language. A list of results is then displayed from which
 
 *420
 
 users may select the files they want to download. Those files are then downloaded directly onto their computer.
 

 Detective Bernie Maness ("Detective Maness") with the Randolph County Sheriff's Office detected the images being downloaded to the computer's IP address through a software program used by law enforcement officials called "Peer Spectre," which monitors downloads occurring on various peer-to-peer software platforms, including Gnutella. The images downloaded to the IP address were flagged as known child pornography, and Detective Maness procured a search warrant for the Osborn Mill Road address.
 

 On 17 December 2009, Detective Maness, along with Detective Jason Chabot ("Detective Chabot") and several deputies, went to the Osborn Mill Road address to execute the search warrant. Defendant was not present when the detectives arrived, but his parents were at home and let the detectives inside.
 

 Upon entering Defendant's bedroom, Detectives Maness and Chabot observed a white Apple MacBook laptop (the "MacBook") partially concealed underneath Defendant's mattress. The detectives seized the MacBook and continued their search.
 

 While the search was still ongoing, Defendant returned home and encountered the detectives. Detective Maness identified himself
 
 *654
 
 to Defendant and informed him that he and Detective Chabot were executing a search warrant for child pornography. After hearing Detective Maness make this statement, Defendant "hung his head."
 

 Detective Maness subsequently conducted a forensic examination of the MacBook using specialized software that allows law enforcement officers to view, but not alter, the contents of computers. During his examination of the MacBook, Detective Maness noted that there was only one user-"Clay"-listed on the laptop login screen. Contained in the MacBook's "trash bin"-where deleted files are stored prior to their permanent deletion-were two image files depicting child pornography that had been downloaded from the Gnutella software program.
 

 On 12 July 2010, Defendant was indicted on two counts of second-degree sexual exploitation of a minor. On 7 March 2011, Defendant moved to suppress certain statements he had made to Detective Maness outside his parents' house during the execution of the search warrant in which he confessed that he had, in fact, downloaded the child pornography to his MacBook from the Gnutella program. A hearing on Defendant's motion to suppress was held on 21 March 2011 before the Honorable
 
 *421
 
 John O. Craig, III. At the hearing, Defendant argued that the statements he provided to Detective Maness had been coerced and were therefore involuntary. On 18 January 2012, the trial court entered an order granting Defendant's motion and suppressing the challenged statements.
 

 On 11 May 2015, a jury trial was scheduled before Judge Craig in Randolph County Superior Court. Shortly after the case was called for trial, Defendant informed the court that he was voluntarily waiving his right to a jury trial pursuant to Article I, § 24 of the North Carolina Constitution and N.C. Gen.Stat. § 15A-1201. A bench trial then took place with Judge Craig presiding. At the conclusion of the trial, Judge Craig found Defendant guilty of both charges. The trial court sentenced Defendant to 19-32 months imprisonment, suspended the sentence, and placed Defendant on 36 months of supervised probation. Defendant gave oral notice of appeal in open court.
 

 Analysis
 

 I. Waiver of Right to Jury Trial
 

 Defendant first argues that the trial court lacked the authority to allow him to waive his right to a trial by jury. We disagree.
 

 Effective 1 December 2014, the North Carolina Constitution was amended by the citizens of North Carolina to allow criminal defendants to waive their right to a trial by jury in non-capital cases. Article I, Section 24 of the North Carolina Constitution now reads as follows:
 

 No person shall be convicted of any crime but by the unanimous verdict of a jury in open court, except that a person accused of any criminal offense for which the State is not seeking a sentence of death in superior court may, in writing or on the record in the court and with the consent of the trial judge, waive jury trial, subject to procedures prescribed by the General Assembly. The General Assembly may, however, provide for other means of trial for misdemeanors, with the right of appeal for trial de novo.
 

 N.C. Const. art. I, § 24.
 

 This provision of our Constitution was ratified as a result of legislation passed by the General Assembly calling for the amendment to be submitted to North Carolina voters for approval. Chapter 300 of the 2013 North Carolina Session Laws, which authorized the ballot measure, provided that "[i]f the constitutional amendment proposed in Section 1 is approved by the voters, Section 4 of this act
 
 becomes effective December
 

 *422
 

 1, 2014,
 
 and applies to criminal cases
 
 arraigned in superior court on or after that date.
 
 "
 
 2013 N.C. Sess. Laws 821
 
 , 822, ch. 300, § 5 (emphasis added). Section 4 reads, in pertinent part, as follows:
 

 (b) A defendant accused of any criminal offense for which the State is not seeking a sentence of death in superior court may, knowingly and voluntarily, in writing or on the record in the court and with the consent of the trial judge, waive the right to trial by jury. When a defendant waives the right to trial by jury under this section, the jury is dispensed with as provided by
 
 *655
 
 law, and the whole matter of law and fact shall be heard and judgment given by the court.
 

 2013 N.C. Sess. Laws 821
 
 , 822, ch. 300, § 4(b). This provision was subsequently codified in N.C. Gen.Stat. § 15A-1201.
 

 Defendant contends that because he should have been arraigned shortly after he was indicted on 12 July 2010-well before the 1 December 2014 effective date of the constitutional amendment and the accompanying session law-the trial court lacked the authority to grant his request for a waiver of his right to a trial by jury.
 

 N.C. Gen.Stat. § 15A-941 provides, in pertinent part, as follows:
 

 (a) Arraignment consists of bringing a defendant in open court or as provided in subsection (b) of this section before a judge having jurisdiction to try the offense, advising him of the charges pending against him, and directing him to plead. The prosecutor must read the charges or fairly summarize them to the defendant. If the defendant fails to plead, the court must record that fact, and the defendant must be tried as if he had pleaded not guilty.
 

 ....
 

 (d) A defendant will be arraigned in accordance with this section
 
 only
 
 if the defendant files a written request with the clerk of superior court for an arraignment not later than 21 days after service of the bill of indictment. If a bill of indictment is not required to be served pursuant to G.S. 15A-630, then the written request for arraignment must be filed not later than 21 days from the date of the return of the indictment as a true bill. Upon the return of the indictment as a true bill, the court must immediately cause notice of the 21-day time limit within which
 
 *423
 
 the defendant may request an arraignment to be mailed or otherwise given to the defendant and to the defendant's counsel of record, if any. If the defendant does not file a written request for arraignment, then the court shall enter a not guilty plea on behalf of the defendant.
 

 N.C. Gen.Stat. § 15A-941(a), (d) (2015) (emphasis added).
 

 Thus, N.C. Gen.Stat. § 15A-941 provides a formal mechanism for arraignments that a criminal defendant may elect to invoke. However, it is not uncommon for a defendant to forego the procedure set out in § 15A-941 and for his arraignment to take place more informally.
 

 Such was the case here. Defendant never requested a formal arraignment pursuant to N.C. Gen.Stat. § 15A-941. Thus, his right to be formally arraigned by means of this statutory procedure was deemed waived on or about 2 August 2010-21 days after he was indicted. Defendant's arraignment did not occur until the first day of his trial on 11 May 2015.
 

 MR. ROSENTRATER: Nothing further as far as pretrial motions. Just for the sake of the record, let's go ahead and identify where we are.
 

 This is page 2 of the trial section of the calendar, Mr. Clayton Jones, charged with three [sic] counts of second-degree exploitation of a minor. I suppose technically I would move to join those.
 

 MR. ROOSE: No objection.
 

 THE COURT: Motion granted.
 

 MR. ROSENTRATER: And to those charges, Mr. Roose, how does your client plead?
 

 MR. ROOSE: The Defendant pleads not guilty.
 

 At no time did Defendant object in the trial court to the absence of a more formal or earlier arraignment. Instead, he simply pled not guilty at which point the trial proceeded. Moreover, at oral argument in this Court counsel for Defendant conceded that Defendant was, in fact, arraigned on 11 May 2015 and has not raised in this appeal any argument suggesting that the 11 May 2015 arraignment was in any way legally deficient. Therefore, because Defendant's arraignment occurred after the effective date of the constitutional amendment and accompanying session law, the trial court was constitutionally authorized to accept Defendant's waiver of his right to a jury trial.
 

 *656
 

 *424
 

 II. Consideration by Trial Court of Inadmissible Evidence
 

 Defendant next asserts that because Judge Craig served both as the factfinder at trial and as the judge who ruled on Defendant's pre-trial motion
 
 in limine,
 
 he was necessarily aware of Defendant's involuntary confession to downloading the images at issue. Therefore, Defendant argues, Judge Craig's ability to serve as a fair and impartial factfinder at Defendant's trial was "tainted" by his knowledge of Defendant's suppressed statements.
 

 It is important to note that Defendant
 
 chose
 
 to waive his right to a trial by jury and proceed with a bench trial. He did so with full knowledge that the same trial judge who had ruled on his motion
 
 in limine
 
 would also serve as the judge at his bench trial. Therefore, Defendant cannot now argue on appeal that he was prejudiced as a result of his own strategic decision to waive his right to a trial by jury and allow Judge Craig to serve as the factfinder at his bench trial.
 
 See
 

 State v. Cook,
 

 218 N.C.App. 245
 
 , 249,
 
 721 S.E.2d 741
 
 , 745 ("[A] defendant who invites error has waived his right to all appellate review concerning the invited error, including plain error review." (citation and quotation marks omitted)),
 
 appeal dismissed and disc. review denied,
 
 - -- N.C. ----,
 
 724 S.E.2d 917
 
 (2012).
 
 [1]
 

 Furthermore, Defendant's argument ignores the well-established principle that "the trial court is presumed to disregard incompetent evidence in making its decisions as a finder of fact."
 
 State v. Jones,
 

 186 N.C.App. 405
 
 , 411,
 
 651 S.E.2d 589
 
 , 593 (2007) ;
 
 see also
 

 In re Cline,
 

 230 N.C.App. 11
 
 , 14,
 
 749 S.E.2d 91
 
 , 94 (2013) ("Where the matter was heard without a jury, it is presumed that the trial court considered only admissible evidence [.]"),
 
 disc. review denied,
 

 367 N.C. 293
 
 ,
 
 753 S.E.2d 781
 
 ,
 
 cert. denied,
 
 - -- U.S. ----,
 
 135 S.Ct. 132
 
 ,
 
 190 L.Ed.2d 100
 
 (2014).
 

 Because trial judges are presumed to ignore inadmissible evidence when they serve as the finder of fact in a bench trial, no prejudice exists simply by virtue of the fact that such evidence was made known to them absent a showing by the defendant of facts tending to rebut this presumption. Here, Defendant has failed to make any such showing. Therefore, Defendant's argument on this issue is meritless.
 

 *425
 

 III. Fatal Variance
 

 Defendant next argues that a fatal variance existed between his indictments and the evidence presented at trial. Specifically, he contends that while the indictments stated that he received the pornographic images on 17 December 2009, the evidence at trial established the date of receipt as 18 October 2009. As a result, he asserts he was prejudiced.
 

 Pursuant to N.C. Gen.Stat. § 14-190.17, a person commits second-degree sexual exploitation of a minor when, knowing the nature or content of the material, he
 

 (1) Records, photographs, films, develops, or duplicates material that contains a visual representation of a minor engaged in sexual activity; or
 

 (2) Distributes, transports, exhibits,
 
 receives,
 
 sells, purchases, exchanges, or solicits material that contains a visual representation of a minor engaged in sexual activity.
 

 State v. Williams,
 

 232 N.C.App. 152
 
 , 156,
 
 754 S.E.2d 418
 
 , 421 (citation omitted and emphasis added),
 
 appeal dismissed and disc. review denied,
 

 367 N.C. 784
 
 ,
 
 766 S.E.2d 846
 
 (2014).
 

 Defendant argues that the inconsistency between the date of his purported receipt of the images as listed in the indictments and the date established by the evidence at trial constitutes a fatal variance, contending that time is an essential element of the offense of second-degree sexual exploitation of a minor.
 

 An indictment must include a designated date or period of time within which the alleged offense occurred. However, this
 
 *657
 
 Court has recognized that a judgment should not be reversed when the indictment lists an incorrect date or time if time was not of the essence of the offense, and the error or omission did not mislead the defendant to his prejudice. Generally, the time listed in the indictment is not an essential element of the crime charged. This general rule, which is intended to prevent a defendant who does not rely on time as a defense from using a discrepancy between the time named in the bill and the time shown by the evidence for the State, cannot be used to ensnare a defendant and thereby deprive him of an opportunity to adequately present his defense.
 
 *426
 
 We have held that a variance as to time becomes material and of the essence when it deprives a defendant of an opportunity to adequately present his defense.
 

 State v. Stewart,
 

 353 N.C. 516
 
 , 517-18,
 
 546 S.E.2d 568
 
 , 569 (2001) (internal citations, quotation marks, brackets, and ellipses omitted).
 

 In support of his position, Defendant relies upon
 
 State v. Riffe,
 

 191 N.C.App. 86
 
 ,
 
 661 S.E.2d 899
 
 (2008) -a case involving multiple counts of
 
 third
 
 -degree sexual exploitation of a minor.
 
 [2]
 
 In
 
 Riffe,
 
 the date of the offenses contained in the indictments was inconsistent with the date of the offenses established at trial.
 
 Id.
 
 at 93,
 
 661 S.E.2d at 904-05
 
 . The defendant's computer had already been seized and was in the possession of the Sheriff's Office on 30 August 2004-the day that the indictments stated he was in possession of child pornography found on his computer. The evidence at trial, however, showed that the files were saved on the computer's hard drive and last accessed by the defendant on 11 February 2004. During the second day of trial, the State moved to amend the indictments in order to reflect the proper date of the offenses, and the trial court allowed the amendment over the defendant's objection.
 
 Id.
 
 at 93,
 
 661 S.E.2d at 905
 
 .
 

 On appeal, we stated the following on this issue:
 

 In order to prevail, defendant must show a fatal variance between the offense charged and the proof as to an essential element of the offense. In the instant case, the amendment was made regarding the time of the alleged criminal conduct. Thus, if time is not an essential element of N.C. Gen.Stat. § 14-190.17A(a), an amendment relating to the date of the offense is permissible since the amendment would not substantially alter the charge set forth in the indictment. As we have set out above, the elements of N.C. Gen.Stat. § 14-190.17A(a) include only the elements of knowledge and possession.
 

 *427
 
 A variance as to time, however, becomes material and of the essence when it deprives a defendant of an opportunity to adequately present his defense.
 

 Id.
 
 at 93-94,
 
 661 S.E.2d at 905
 
 (internal citations, quotation marks, brackets, ellipses, and emphasis omitted). We concluded that because "defendant did not present an alibi defense and time is not an element of the offense, we therefore find no error as to this issue."
 
 Id.
 
 at 94,
 
 661 S.E.2d at 905
 
 .
 

 Thus,
 
 Riffe
 
 establishes that time is
 
 not
 
 an element of third-degree sexual exploitation of a minor. We decline Defendant's invitation to read into
 
 Riffe
 
 any sort of implicit holding that-unlike the case with
 
 third
 
 -degree sexual exploitation of a minor-time is, in fact, an element of
 
 second
 
 -degree sexual exploitation of a minor.
 

 While
 
 Riffe
 
 reiterates the general rule that a variance as to time becomes material if it deprives the defendant of his ability to prepare a defense, Defendant did not attempt to advance an alibi defense or any other time-based defense at trial. Nor has he argued on appeal that he would have done so had the
 
 *658
 
 indictment listed the date of the offense as 18 October 2009.
 
 See
 

 State v. Hensley,
 

 120 N.C.App. 313
 
 , 324-25,
 
 462 S.E.2d 550
 
 , 556-57 (1995) ( "Defendant asserts the presence of a fatal variance between the indictment and the proof offered at trial with respect to the date of the alleged offense. This argument cannot be sustained.... [W]e note defendant suffered no prejudice as his defense was based upon complete denial of the charge rather than upon alibi for the date set out in the indictment."). Accordingly, Defendant's argument on this issue is overruled.
 

 IV. Motions to Dismiss
 

 Defendant's final argument on appeal is that the trial court erred by denying his motions to dismiss at the close of the State's evidence and at the close of all the evidence. Specifically, Defendant contends that the State failed to establish the knowledge element of the offense of second-degree sexual exploitation of a minor. We disagree.
 

 "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense."
 
 State v. Fritsch,
 

 351 N.C. 373
 
 , 378,
 
 526 S.E.2d 451
 
 , 455 (citation omitted),
 
 cert. denied,
 

 531 U.S. 890
 
 ,
 
 121 S.Ct. 213
 
 ,
 
 148 L.Ed.2d 150
 
 (2000). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion.
 

 *428
 

 State v. Smith,
 

 300 N.C. 71
 
 , 78-79,
 
 265 S.E.2d 164
 
 , 169 (1980). In reviewing challenges to the sufficiency of the evidence, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences.
 
 State v. Benson,
 

 331 N.C. 537
 
 , 544,
 
 417 S.E.2d 756
 
 , 761 (1992).
 

 "Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence."
 
 State v. Stone,
 

 323 N.C. 447
 
 , 452,
 
 373 S.E.2d 430
 
 , 433 (1988). If the court decides that a reasonable inference of the defendant's guilt may be drawn from the circumstances, then "it is for the jury to decide whether the facts, taken singly or in combination, satisfy them beyond a reasonable doubt that the defendant is actually guilty."
 
 State v. Thomas,
 

 296 N.C. 236
 
 , 244,
 
 250 S.E.2d 204
 
 , 209 (1978) (citation, quotation marks, ellipses, and emphasis omitted). When ruling on a motion to dismiss, the trial court should only be concerned with whether "the evidence is sufficient to get the case to the jury; it should not be concerned with the weight of the evidence."
 
 State v. Earnhardt,
 

 307 N.C. 62
 
 , 67,
 
 296 S.E.2d 649
 
 , 652 (1982).
 

 Defendant contends that the only evidence presented at trial tending to show that he was aware of the contents of the pornographic files found on his computer was the fact that he "hung his head" when Detective Maness informed him that he and Detective Chabot were executing a search warrant of his parents' home for child pornography.
 

 However, even putting aside the question of whether-and to what extent-body language can in appropriate circumstances serve as admissible evidence of a person's state of mind, other competent evidence was presented by the State at Defendant's trial on the knowledge element of the offense. The State's evidence showed that (1) the files in question had been manually downloaded directly to Defendant's computer using the Gnutella software file-sharing program; (2) the files downloaded had titles clearly indicating that they contained pornographic images of children; (3) the only user listed on the computer login screen was "Clay"; (4) the files were manually transferred from the Gnutella program to the computer's trash bin; and (5) the MacBook was found in Defendant's room partially concealed under his mattress.
 

 It is well established that "[k]nowledge and intent, as processes of the mind, are often not susceptible of direct proof and in most cases can be proved only by inference from circumstantial evidence."
 
 State v. Sink,
 

 178 N.C.App. 217
 
 , 221,
 
 631 S.E.2d 16
 
 , 19,
 
 disc. review denied,
 

 360 N.C. 581
 
 ,
 
 636 S.E.2d 195
 
 (2006). We believe the above-referenced evidence
 
 *429
 
 constitutes sufficient circumstantial evidence of Defendant's knowledge of the contents of the files discovered on his computer. Consequently, the trial
 
 *659
 
 court did not err in denying Defendant's motions to dismiss.
 
 [3]
 

 Conclusion
 

 For the reasons stated above, we conclude that Defendant received a fair trial free from prejudicial error.
 

 NO PREJUDICIAL ERROR.
 

 Judges ELMORE and HUNTER, JR. concur.
 

 [1]
 

 We note that the record is devoid of any indication that Defendant expressed concern in the trial court over Judge Craig serving as his trial judge after having also ruled on Defendant's motion
 
 in limine.
 

 [2]
 

 We have held that third-degree sexual exploitation of a minor and second-degree sexual exploitation of a minor are separate and distinct offenses.
 
 See
 

 State v. Williams,
 

 232 N.C.App. 152
 
 , 159-60,
 
 754 S.E.2d 418
 
 , 424 ("[W]e believe that the Legislature's criminalization of both receiving and possessing such images was not intended merely to provide for the State a position to which to recede when it cannot establish the elements of the greater offense, but rather to prevent or limit two separate harms to the victims of child pornography." (internal citation and quotation marks omitted)),
 
 appeal dismissed and disc. review denied,
 

 367 N.C. 784
 
 ,
 
 766 S.E.2d 846
 
 (2014).
 

 [3]
 

 Because Defendant only challenges the sufficiency of the evidence to support the knowledge element of the second-degree sexual exploitation of a minor charges, we need not address the remaining elements of this offense.