STROUD, Judge.
 

 *219
 
 Defendant Linzie Lee Swink appeals his convictions for rape of a child and indecent liberties with children. On appeal, defendant argues that the trial court lacked authority to try him without a jury, in violation of the North Carolina Constitution and N.C. Gen. Stat. § 15A-1201, and that the trial court erred when it failed to adequately determine whether defendant made a knowing and voluntary waiver of his right to a jury trial. We disagree and affirm the actions of the trial court.
 

 Facts
 

 Defendant was indicted on or about 3 December 2012 for two counts of rape of a child (12 CRS 7763 and 12 CRS 7764), on or about 3 September 2013 for one count of taking indecent liberties with children (13 CRS 4688), and on or about 2 March 2015 for superseding indictments of rape of a child (12 CRS 55705) and sexual offense with a child (15 CRS 50932). Defendant filed a motion for a bill of particulars, which the State answered on 25 February 2015. The State's answer laid out details of the date and time of each offense. On 2 March 2015, the trial court heard defendant's request for a bench trial. The court inquired into defendant's waiver, calling him to the stand and engaging in the following colloquy with defendant:
 

 THE COURT: Sir, are you able to hear and understand me?
 

 MR. SWINK: Yes, sir.
 

 THE COURT: And are you under the influence of any alcoholic beverages, drugs, narcotics or pills at this time?
 

 *332
 
 MR. SWINK: No, sir.
 

 THE COURT: And how old are you?
 

 MR. SWINK: 40.
 

 THE COURT: And at what grade level can you read and write?
 

 MR. SWINK: Probably 11th grade right now, 11th.
 

 THE COURT: Do you suffer from any mental handicap or physical handicap that would prevent you from understanding what's going on in this courtroom?
 

 MR. SWINK: No, sir.
 

 *220
 
 THE COURT: And you are represented by counsel.
 

 MR. SWINK: Yes, sir.
 

 THE COURT: And you had the opportunity to discuss this waiver with him?
 

 MR. SWINK: Yes, Sir.
 

 THE COURT: And he has discussed with you the pros and cons of waiving these Constitutional rights to a jury trial?
 

 MR. SWINK: Yes, sir.
 

 THE COURT: And having balanced those pros and cons, you have made the decision-and it is your decision, you understand that?
 

 MR. SWINK: Yes, sir.
 

 THE COURT: Not anybody else's.
 

 MR. SWINK: Yes, sir.
 

 THE COURT: That you prefer to have a judge decide your case as opposed to a jury of 12 individuals?
 

 MR. SWINK: Yes, sir.
 

 The trial court allowed the waiver and granted defendant's bench trial request. Defendant's waiver was later reduced to writing and signed by defendant on or about 28 April 2015.
 

 On 4 May 2015, the trial court found defendant guilty of two counts of rape of a child (12 CRS 7763 and 12 CRS 7764) and one count of indecent liberties with a child (13 CRS 4688), and not guilty of the two remaining charges (12 CRS 55705 and 15 CRS 50932). Defendant timely appealed the guilty verdicts to this Court.
 

 Discussion
 

 I. Waiver of Jury Trial
 

 Defendant first argues that the trial court lacked authority to try him without a jury and that his waiver was not authorized under N.C. Gen. Stat. § 15A-1201 (2013).
 
 [1]
 
 North Carolina voters approved an amendment
 
 *221
 
 to N.C. Gen. Stat. § 15A-1201(b) on 4 November 2014 which allows criminal defendants to waive the right to a trial by jury.
 
 See
 
 2013 N.C. Sess. Law 2013-300 (eff. Dec. 1, 2014). The amended statute became effective on 1 December 2014 and applied "to criminal cases arraigned in superior court on or after that date."
 
 Id
 
 . Defendant argues that since the statute as amended is only applicable to cases in which the defendant was arraigned on or after 1 December 2014, the statute is inapplicable to him-since he was never formally arraigned-so the court should not have allowed him to waive his right to a jury trial.
 

 In order to succeed with this claim, defendant would have to be able to show both that the trial court violated the statute and that such violation prejudiced him.
 
 See, e.g.
 
 ,
 
 State v. Ashe
 
 ,
 
 314 N.C. 28
 
 , 39,
 
 331 S.E.2d 652
 
 , 659 (1985) ("[W]hen a trial court acts contrary to a statutory mandate and a defendant is prejudiced thereby, the right to appeal the court's action is preserved, notwithstanding [the] defendant's failure to object at trial.");
 
 see also
 

 State v. Love
 
 ,
 
 177 N.C.App. 614
 
 , 623,
 
 630 S.E.2d 234
 
 , 240-41 (2006) ("However, a new trial does not necessarily follow a violation of statutory mandate. Defendants must show not only that a statutory violation occurred, but also that they were prejudiced by this violation." (Citations omitted)). Defendant cannot do either in this case.
 

 First, defendant has not shown that N.C. Gen. Stat. § 15A-1201 was violated. If defendant was arraigned at all in this case, it
 
 *333
 
 would have been on or after 1 December 2014. Defendant was indicted on multiple counts between 3 December 2012 and 2 March 2015. The trial court heard defendant's request for a bench trial at the hearing on 2 March 2015, well after the date the amendment to the statute took effect. Moreover, arraignment is not mandatory. Under N.C. Gen. Stat. § 15A-941(d) (2015), a defendant will be arraigned only if the defendant files a written request within 21 days of being served an indictment. Although defendant's counsel mentioned arraignment more than once during the pre-trial proceedings, defendant admits on appeal that he "never requested arraignment and thus was never arraigned."
 

 In addition, while there is no dispute that defendant never requested a formal arraignment, the 2 March 2015 hearing essentially served the purpose of an arraignment. This Court addressed a similar situation in
 
 State v. Jones
 
 , --- N.C.App. ----,
 
 789 S.E.2d 651
 
 (2016). In
 
 Jones
 
 , as in
 
 *222
 
 this case, the defendant never requested a formal arraignment pursuant to N.C. Gen. Stat. § 15A-941.
 

 Id.
 

 at ----,
 
 789 S.E.2d at 655
 
 . The
 
 Jones
 
 Court found that by not doing so, "his right to be formally arraigned by means of this statutory procedure was deemed waived on or about 2 August 2010-21 days after he was indicted."
 

 Id.
 

 at ----,
 
 789 S.E.2d at 655
 
 . We noted in
 
 Jones
 
 that "it is not uncommon for a defendant to forego the procedure set out in [N.C. Gen. Stat.] § 15A-941 and for his arraignment to take place more informally."
 

 Id.
 

 at ----,
 
 789 S.E.2d at 655
 
 . Ultimately, this Court found that the defendant in
 
 Jones
 
 was informally arraigned on 11 May 2015, when he pled not guilty, and that "because Defendant's arraignment occurred after the effective date of the constitutional amendment and accompanying session law, the trial court was constitutionally authorized to accept Defendant's waiver of his right to a jury trial."
 

 Id.
 

 at ----,
 
 789 S.E.2d at 655
 
 .
 

 Here, as in
 
 Jones
 
 , defendant never requested a formal arraignment, so his right to such formal arraignment is deemed waived.
 

 Id.
 

 at ----,
 
 789 S.E.2d at 655
 
 . Moreover, while in this case, defendant may not have explicitly stated a "not guilty" plea at the 2 March 2015 hearing, he implicitly plead not guilty when he requested a bench trial. And the 2 March 2015 hearing served the same function as an arraignment, similar to the 11 May 2015 hearing in
 
 Jones
 
 .
 

 Id.
 

 at ----,
 
 789 S.E.2d at 655
 
 . Accordingly, we conclude the same as the
 
 Jones
 
 Court that "because Defendant's arraignment occurred after the effective date of the constitutional amendment and accompanying session law, the trial court was constitutionally authorized to accept Defendant's waiver of his right to a jury trial."
 

 Id.
 

 at ----,
 
 789 S.E.2d at 655
 
 .
 

 Furthermore, even if we assumed there was a violation of the statute, defendant has not met the second prong of the standard: prejudice.
 
 See
 

 Ashe
 
 ,
 
 314 N.C. at 39
 
 ,
 
 331 S.E.2d at 659
 
 . Defendant made a strategic decision to ask for a bench trial in this case, and he has not shown on appeal how that decision prejudiced him. Defendant was charged with two counts of rape of a child and one count of taking indecent liberties with children. Given these charges and defendant's alibi defense, which required a bill of particulars, we need not speculate much to understand why defendant would make the strategic decision to ask for a bench trial. Furthermore, defendant was acquitted of two charges against him during the bench trial, so if anything, having a bench trial most likely worked in his favor.
 

 Defendant argues that the "denial of the right to a jury trial is a structural error requiring automatic reversal without a showing of prejudice." But the cases defendant cites involve fatal constitutional errors
 
 *223
 
 depriving the defendant of his or her constitutional right to a jury trial, rather than the intentional waiver of a statutory right to a jury trial, which is what is at issue here.
 
 Cf.
 

 State v. Bunning
 
 ,
 
 346 N.C. 253
 
 , 257,
 
 485 S.E.2d 290
 
 , 292 (1997) (improper alternate juror substitution after jury deliberations had already begun led to "[a] trial by a jury which ... is so fundamentally flawed that the verdict cannot stand.");
 
 State v. Bindyke
 
 ,
 
 288 N.C. 608
 
 , 627,
 
 220 S.E.2d 521
 
 , 533 (1975) ("[T]he presence of an alternate in the jury room during the jury's deliberations violates N.C. Const. art. I, § 24 and G.S. 9-18 and constitutes reversible error
 
 per se
 
 .");
 
 *334
 

 State v. Hudson
 
 ,
 
 280 N.C. 74
 
 , 79,
 
 185 S.E.2d 189
 
 , 192 (1971) (Defendant's waiver of his right to a trial by twelve jurors after one juror became ill and had to be excused violated the law in this State-as it stood at that time-that "no person can be finally convicted of any crime except by the unanimous consent of twelve jurors who have been duly impaneled to try his case.");
 
 Sullivan v. Louisiana
 
 ,
 
 508 U.S. 275
 
 , 281, 282,
 
 113 S.Ct. 2078
 
 , 2082, 2083,
 
 124 L.Ed.2d 182
 
 (1993) (jury instruction with unconstitutional definition of reasonable doubt led to "[d]enial of the right to a jury verdict of guilt beyond a reasonable doubt" that "unquestionably qualifies as 'structural error.' ");
 
 Rose v. Clark
 
 ,
 
 478 U.S. 570
 
 , 586-87,
 
 106 S.Ct. 3101
 
 , 3110,
 
 92 L.Ed.2d 460
 
 (1986) (noting that "harmless-error inquiry remains inappropriate for certain constitutional violations no matter how strong the evidence of guilt may be."). As we have concluded in this case that no constitutional error occurred, defendant's argument regarding structural error has no merit here.
 

 II. Knowing and Voluntary
 

 Next, defendant argues that his waiver was not constitutionally sufficient and that the trial court erred by failing to conduct an adequate inquiry into whether he made a knowing and voluntary waiver of his right to a jury trial. We disagree.
 

 The North Carolina Constitution was amended by 2013 N.C. Sess. Law 2013-300 (eff. Dec. 1, 2014) to allow defendants in criminal cases to waive the right to a jury trial and now states in relevant part:
 

 No person shall be convicted of any crime but by the unanimous verdict of a jury in open court, except that a person accused of any criminal offense for which the State is not seeking a sentence of death in superior court may, in writing or on the record in the court and with the consent of the trial judge, waive jury trial, subject to procedures prescribed by the General Assembly.
 

 *224
 
 N.C. Const. art. I, § 24. This amendment "[became] effective December 1, 2014, and applies to criminal cases arraigned in superior court on or after that date."
 
 2013 N.C. Sess. Laws 2013
 
 -300 (eff. Dec. 1, 2014). Since we have concluded that defendant must have been arraigned on or after 1 December 2014, the constitution as amended would apply.
 
 [2]
 

 At the time defendant requested to waive his right to a trial by jury in this case in early March 2015, N.C. Gen. Stat. § 15A-1201 noted that such waiver may be done "in writing or on the record in the court and with consent of the trial judge" so long as the waiver is made "knowingly and voluntarily[.]" Federal courts interpreting the United States Constitution similarly are required to find whether a defendant's waiver of his Sixth Amendment right to a trial by jury is knowing, voluntary, and intelligent.
 
 See
 

 United States v. Boynes
 
 ,
 
 515 F.3d 284
 
 , 286 (4th Cir. 2008) ("The Sixth Amendment requires that the waiver [of the right to a jury trial] be knowing, voluntary, and intelligent.").
 

 Here, defendant's waiver was knowing and voluntary and made both in writing and personally in open court on the record. First, the trial court engaged in a colloquy with defendant eight weeks before trial. On 2 March 2015, defendant was sworn in and questioned about his age, education, representation by counsel, and his request to waive his right to a jury trial. The court concluded that "defendant has knowingly and with advice from counsel ... made his individual decision to waive his right to a jury trial and will be allowed to go forward with a bench trial." Defendant then signed a written waiver form that same date.
 

 Additionally, on 28 April 2015, before the bench trial began, the court reiterated that
 
 *335
 
 defendant had requested a bench trial and waived his right to a trial by jury. The court asked whether waiver was "still the desire of the defendant[,]" and defendant's trial counsel affirmatively responded that it was. The court then had defendant and his attorney come forward to date and sign a certification form. Defendant's trial counsel noticed that the form was dated for 2 March 2015 and asked
 
 *225
 
 whether "to leave that date as is or would you like me to change[?]" The Court instructed counsel to "add today's date under that date as well since that's when he originally made his decision."
 

 Defendant's written waiver further demonstrated that his waiver was knowing and voluntary. With the written waiver, defendant had a chance to reaffirm his decision to seek a bench trial, and he did so. On appeal, defendant raises new questions about his written waiver, such as that the waiver form states that a transcript of the hearing on 2 March 2015 was attached, but the transcript was not prepared until 3 March 2015. But defendant cites no authority supporting his claim that these alleged inconsistencies render his written waiver ineffective. Defendant has not disputed that he personally signed the waiver form, and the form reflects that his attorney advised him of the charges against him, the nature and punishment for each charge, the nature of the proceedings, and his rights including the right to participate in selecting the jury and his right to a unanimous jury verdict. The waiver also noted that by waiving his right to a jury trial, the judge alone would decide defendant's guilt or innocence. Defendant also has not contested the accuracy of his attorney's certification on the waiver form.
 

 Defendant consistently requested a bench trial throughout the proceedings below many times: through his counsel on 2 February 2015; on the record at the 2 March 2015 hearing; and in writing on 28 April 2015. Defendant was represented by counsel of his choice throughout the proceedings, and he never expressed any hesitation about his choice to waive his right to a jury trial. Defendant's waiver of his right to trial by jury was constitutional, and the record reflects that his waiver was knowing and voluntary. We therefore affirm the trial court.
 

 III. Conclusion
 

 Accordingly, we affirm defendant's convictions and hold that the trial court did not err by allowing defendant to waive his right to a jury trial, and his waiver was knowing and voluntary.
 

 AFFIRMED.
 

 Chief Judge McGEE and Judge CALABRIA concur.
 

 [1]
 

 The 2013 statute volume contains both the version of N.C. Gen. Stat. § 15A-1201 effective before 1 December 2014 and the amended version effective 1 December 2014 that was contingent on a public vote. The statute was also later amended again, effective 1 October 2015, to include a more detailed waiver procedure, with this version applying "to defendants waiving their right to trial by jury on or after that date."
 
 See
 

 2015 N.C. Sess. Laws 2015
 
 -289 (eff. Oct. 1, 2015).
 

 [2]
 

 Although the North Carolina Constitution as amended now provides that the exercise of the waiver is "subject to procedures prescribed by the General Assembly," N.C. Const. art. I, § 24, we note that the General Assembly had not prescribed any specific procedures for waiver of jury trial that would have been effective at the time defendant's waiver was made to the trial court in this case. A subsequent amendment to N.C. Gen. Stat. § 15A-1201 (2015) does contain further guidance on the waiver procedure that "applies to defendants waiving their right to trial by jury on or after [October 1, 2015]."
 
 2015 N.C. Sess. Laws 2015
 
 -289 (eff. Oct. 1, 2015). We therefore rely upon existing law in analogous situations to resolve this case, while acknowledging the limited scope of cases for which this may be applicable.