IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-32

 Filed: 20 August 2019

Transylvania County, No. 18 CRS 72

STATE OF NORTH CAROLINA

 v.

JAMES ALLEN RUTLEDGE

 Appeal by defendant from judgment entered 14 August 2018 by Judge R.

Gregory Horne in Transylvania County Superior Court. Heard in the Court of

Appeals 8 August 2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General John Tillery,
 for the State.

 Jeffrey William Gillette for defendant-appellant.

 TYSON, Judge.

 James Allen Rutledge (“Defendant”) appeals from judgment entered after the

trial court found him guilty of one count of possession of methamphetamine, a

Schedule II controlled substance. We affirm.

 I. Background

 In late 2017, the Brevard Police Department received complaints about

suspected drug trafficking occurring at a Transylvania County home. On 29

November 2017, officers executed a search warrant for the home at 54 Camp Harley
 STATE V. RUTLEDGE

 Opinion of the Court

Farm Drive in Transylvania County. Officers observed Defendant and another male

standing outside the home. As part of the process of executing the search warrant,

the officers secured the men. The officers conducted a pat-down search of Defendant

and found a small purple case containing a crystal-like substance. Testing revealed

the substance to be one-tenth of a gram of methamphetamine. Defendant was

indicted on 12 February 2018 for one count of possession of methamphetamine, a

Schedule II controlled substance.

 Defendant’s case was called for trial on 14 August 2018. At the start of trial,

Defendant requested to waive his right to a trial by jury and have the judge hear the

evidence and adjudicate the charge. Defendant’s attorney stated: “Good Afternoon.

May it please the Court, at this point in time we do have and do request a waiver of

jury trial in this matter.” Defendant’s attorney also confirmed engaging in prior

discussions with the prosecutor about the waiver, and asserted the State had no

objections.

 The following colloquy then occurred:

 THE COURT: All right. . . . Mr. Rutledge, if you would just
 stand up where you are, sir. Mr. Rutledge, good afternoon,
 sir. Sir, you are charged with possession of
 methamphetamine. Mr. Barton represents you in this
 matter. Is that correct?

 DEFENDANT: Yes, sir.

 THE COURT: Possession of methamphetamine is a felony.
 It’s a Class I felony. The maximum possible punishment for

 -2-
 STATE V. RUTLEDGE

 Opinion of the Court

any Class I felony under North Carolina law is up to 24
months. That would be the maximum. If your prior record
level if it is not a VI, the maximum you would face would
be correspondingly lower. Have you had an opportunity to
talk with Mr. Barton and review the maximum that you
actually would face given your prior record, sir?

DEFENDANT: Yes, sir.

THE COURT: All right. And I will ask you a couple of
questions about that. I’m advised that, by Mr. Barton, that
it is your desire to waive a jury trial in this matter and have
a bench trial; is that correct?

DEFENDANT: Yes, sir.

THE COURT: And you do understand, sir, that you have
the right to have 12 jurors, jurors of your peers, selected,
that you have the right to participate in their selection
pursuant to the rules set forth in our law and that any
verdict by the jury would have to be a unanimous verdict,
unanimous of the 12? Do you understand that?

DEFENDANT: Yes, sir.

THE COURT: You have the right to waive that and instead
have a bench trial, which would mean that the judge alone
would decide guilt or innocence and the judge alone would
determine any aggravating factors that may be present
were you to waive your right to a jury trial. Do you
understand that?

DEFENDANT: Yes, sir.

THE COURT: Have you talked with Mr. Barton about your
rights in this regard and the ramifications of waiving a jury
trial?

DEFENDANT: Yes, sir.

 -3-
 STATE V. RUTLEDGE

 Opinion of the Court

 THE COURT: Do you have any questions about the jury
 trial or your rights therein?

 DEFENDANT: No, sir.

 THE COURT: All right. And, sir, is it your decision then
 that you wish, and your request, that the jury trial be
 waived and that you be afforded a bench trial?

 DEFENDANT: Yes, sir.

 THE COURT: All right. Thank you, sir.

 The court granted Defendant’s motion to waive his right to a jury trial. The

court and Defendant signed form AOC-CR-405 (“Waiver of Jury Trial form”). The

document was not signed by the State. After the waiver was entered, Defendant’s

attorney requested that Defendant be arraigned. After arraignment, Defendant’s

trial began.

 The State offered testimony from the two police officers who found the drugs

on Defendant’s person on 29 November 2017. Defendant stipulated that the

substance found in the purple case was methamphetamine without further testimony

from employees of the State Crime Lab. Defendant testified and asserted he had

never before seen the small purple case. Following trial, the court entered a verdict

of guilty, and imposed a split sentence of four months’ imprisonment followed by

thirty months’ supervised probation. Defendant timely filed written notice of appeal.

 II. Jurisdiction

 -4-
 STATE V. RUTLEDGE

 Opinion of the Court

 Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. §§ 7A-27(b) and 15A-

1444(a) (2017).

 III. Issue

 The sole issue on appeal is whether the trial court erred in granting

Defendant’s request to waive a jury trial and to proceed to a bench trial in violation

of N.C. Gen. Stat. § 15A-1201 (2017).

 IV. Standard of Review

 The Court conducts a de novo review of a question of law to determine whether

a trial court has violated a statutory mandate. State v. Mumma, ___ N.C. App. ___,

___, 811 S.E.2d 215, 220 (2018).

 V. Analysis

 The North Carolina Constitution affirmatively confirms a defendant’s right to

request a bench trial, subject to the trial court’s approval. N.C. Const. art. I, § 24. In

2014, the North Carolina General Assembly amended N.C. Gen. Stat. § 15A-1201 to

allow criminal defendants in non-capital cases to waive their right to a trial by jury.

In 2015, the statute was again amended to include provisions regarding advance

notice, revocation period, and judicial consent. Id.

 A. Statutory Violation

 Defendant argues the trial court committed reversible error in violation of N.C.

Gen. Stat. § 15A-1201 in three ways: (1) by failing to require the statutory notice

 -5-
 STATE V. RUTLEDGE

 Opinion of the Court

provision set out in N.C. Gen. Stat. § 15A-1201(c); (2) by failing to comply with N.C.

Gen Stat. § 15A-1201(d)(1), which requires the trial court to “determine whether the

defendant fully understands and appreciates the consequences of the defendant’s

decision to waive the right to trial by jury”; and, (3) by failing to provide Defendant

the statutory 10-day revocation period before starting the trial as required by N.C.

Gen. Stat. § 15A-1201(e).

 1. Advance Notice

 Defendant argues the trial court erred when it failed to require Defendant’s

compliance with the notice provision outlined by N.C. Gen. Stat. § 15A-1201(c). The

statute allows a defendant charged with a non-capital offense to give notice of his

intent to waive his right to a trial by jury in any of the three following ways:

 (1) Stipulation, which may be conditioned on each party’s
 consent to the trial judge, [and] signed by both the State
 and the defendant . . .

 (2) Filing a written notice of intent to waive a jury trial
 with the court . . . within the earliest of (i) 10 working days
 after arraignment, (ii) 10 working days after service of a
 calendar setting under G.S. 7A-49.4(b), or (iii) 10 working
 days after the setting of a definite trial date under G.S. 7A-
 49.4(c).

 (3) Giving notice of intent to waive a jury trial on the record
 in open court by the earlier of (i) the time of arraignment
 or (ii) the calling of the calendar under G.S. 7A-49.4(b) or
 G.S. 7A-49.4(c).

N.C. Gen. Stat. § 15A-1201(c).

 -6-
 STATE V. RUTLEDGE

 Opinion of the Court

 The critical times under the statute for filing a waiver of a jury trial are the

date of arraignment, the date of service of a calendar setting, and the date of calendar

call. Nothing in the record before us indicates when either the calendar setting under

N.C. Gen. Stat. § 7A-49.4(b) (2017) or the setting of the definite trial date under N.C.

Gen. Stat. § 7A-49.4(c) (2017) occurred in this case.

 Defendant was not formally arraigned until the day of trial. Apparently, a

formal arraignment was not requested by Defendant at any time prior to the

scheduled trial date. Formal arraignment may be waived. Pursuant to N.C. Gen.

Stat. § 15A-941(d) (2017), “[a] defendant will be arraigned in accordance with this

section only if the defendant files a written request with the clerk of superior court

for an arraignment not later than 21 days after service of the bill of indictment.”

 This Court addressed similar issues to those at bar in both State v. Swink, 252

N.C. App. 218, 797 S.E.2d 330 (2017) and State v. Jones, 248 N.C. App. 418, 789

S.E.2d 651 (2016). In Jones, the defendant never requested a formal arraignment

pursuant to N.C. Gen. Stat. § 15A-941. Id. at 423, 789 S.E.2d at 655. This Court held

the defendant never requested a formal arraignment, and his right to be formally

arraigned was deemed waived twenty-one days after he was indicted. Id.

 In Swink, the defendant never entered a “not guilty” plea to trigger informal

arraignment. Defendant’s request for a bench trial functioned as an implicit plea of

not guilty. Swink, 252 N.C. App. at 222, 797 S.E.2d at 333. This Court held in Swink

 -7-
 STATE V. RUTLEDGE

 Opinion of the Court

no violation of the statutory notice provision of N.C. Gen. Stat § 15A-1201(c) occurred

when no stipulation was provided and the defendant was arraigned on the day of his

trial. Id. The defendant’s actions barred the court from enforcing technical

compliance with the provision. This Court found no error in Swink. Id. We find none

here.

 The filing of a written notice of intent to waive a jury trial on the date of the

arraignment and subsequent trial is proper where: (1) the defendant gives notice of

his intent to waive his right to a jury trial at the date of trial; (2) consent is given to

waive jury trial by both the trial court and the State; and (3) the defendant invites

noncompliance with the timeline requirements of N.C. Gen. Stat § 15A-1201(c) by his

own failure to request a separate arraignment prior to the date of trial. See N.C. Gen.

Stat § 15A-1201. It is not necessary to postpone the subsequent trial by ten working

days, due to a defendant’s decision to not request prior arraignment until the trial

date itself. See Swink, 252 N.C. App. at 222, 797 S.E.2d at 333.

 2. Judicial Consent

 Defendant argues the trial court ignored procedural safeguards when it failed

to “solicit much of the information normally required in order to determine if a waiver

is [made] knowing[ly] and voluntar[ily].” The trial court did not specifically ask

Defendant whether he was literate, whether he was satisfied with his lawyer’s work,

or whether anyone had made promises or threats to induce him to waive a jury trial.

 -8-
 STATE V. RUTLEDGE

 Opinion of the Court

Neither N.C. Gen. Stat. § 15A-1201(d)(1) nor applicable case law has established a

script for the colloquy that should occur between a superior court judge and a

defendant seeking to exercise his right to waive a jury trial.

 In Swink, where the defendant sought to waive his right to trial by jury, the

trial court never specifically asked the defendant whether or not he was satisfied with

his lawyer’s work or whether anyone had made promises or threats to induce him to

waive a jury trial. Swink, 252 N.C. App. at 219-20, 797 S.E.2d at 331-32.

 N.C. Gen. Stat. § 15A-1201(d)(1) requires the trial court to: “[a]ddress the

defendant personally and determine whether the defendant fully understands and

appreciates the consequences of the defendant’s decision to waive the right to trial by

jury.” N.C. Gen. Stat. § 15A-1201(d)(1). No other specific inquiries are required in

the statute to make the determination of Defendant’s understanding and

appreciation of the consequences “to waive his trial by jury.” Id. This Court will not

read such further specifications into law.

 Here, Defendant appeared in court with his attorney on the day of trial, who

initiated and informed the trial judge of Defendant’s specific desire to waive a jury

trial and proceed with a bench trial. The trial court clearly explained to Defendant

that waiving his right to a trial by jury meant “the judge alone would decide guilt or

innocence and the judge alone would determine any aggravating factors that may be

present.” The judge also inquired whether Defendant had the opportunity to discuss

 -9-
 STATE V. RUTLEDGE

 Opinion of the Court

his rights and the ramifications of the waiver with his attorney. As noted above, in

response to each question, Defendant answered “yes.”

 The trial court also confirmed that Defendant knew the offense was non-capital

and knew the maximum sentence that could be imposed. Defendant responded he

had no other questions about the waiver, trial, or his rights. Defendant swore that

by signing the form, he was freely, voluntarily, and knowingly waiving his right to a

jury trial.

 The trial court’s colloquy mirrored the acknowledgements made on the Waiver

of Jury Trial form. The colloquy between the trial court and Defendant established

that Defendant “fully underst[ood] and appreciate[d] the consequences of the

defendant’s decision to waive the right to trial by jury.” Id.

 3. Revocation Period

 N.C. Gen. Stat § 15A-1201(e) provides that: “[o]nce waiver of a jury trial has

been made and consented to by the trial judge pursuant to subsection (d) of this

section, the defendant may revoke the waiver one time as of right within 10 business

days of the defendant’s initial notice[.]” Defendant argues N.C. Gen. Stat. § 15A-

1201(e) mandates a ten-day “cooling-off” period, wherein defendants are permitted

ten working days to reflect upon their choice to waive. This revocation period is

granted following the required notice outlined in N.C. Gen. Stat § 15A-1201(c).

 - 10 -
 STATE V. RUTLEDGE

 Opinion of the Court

 A plain reading of the statute does not compel a mandatory ten-day cooling-off

period for a waiver made on the eve of trial. Rather, the statute provides a period

when the waiver was provided in advance of trial during which a defendant has an

absolute right to revoke a waiver. If a defendant moves to revoke such a waiver after

the ten-day period has lapsed, N.C. Gen. Stat. § 15A-1201(e) provides that “the

defendant may only revoke the waiver of a trial by jury upon the trial judge finding

the revocation would not cause unreasonable hardship or delay to the State.” To

interpret and enforce this power to revoke within ten days as a “mandatory cooling-

off period” is inconsistent with the text of the statute and the prior actions of

Defendant.

 Allowing a ten-day revocation period when defendant has declared intent to

waive a jury trial at an informal arraignment, contemporaneous with the start of

trial, would allow a defendant to force a mandatory ten-day continuance. The General

Assembly, in drafting N.C. Gen. Stat. § 15A-1201(e), anticipated a defendant may

improperly attempt to waive his right to a trial by jury on the scheduled day of trial.

Nothing shows the General Assembly intended for the revocation period provision to

create or to allow such a loophole and cause unnecessarily delays.

 Were defendants unilaterally permitted to force such a continuance, the

provisions of N.C. Gen. Stat. § 15A-1201 would lead to absurd results. Under the

absurdity doctrine, “where a literal interpretation of the language of a statute will

 - 11 -
 STATE V. RUTLEDGE

 Opinion of the Court

lead to absurd results, or contravene the manifest purpose of the Legislature, as

otherwise expressed, the reason and purpose of the law shall control.” State v. Beck,

359 N.C. 611, 614, 614 S.E.2d 274, 277 (2005) (quoting Mazda Motors of Am., Inc. v.

Sw. Motors, Inc., 296 N.C. 357, 361, 250 S.E.2d 250, 253 (1979)).

 In 2015, a proposed amendment to N.C. Gen. Stat § 15A-1201(e) was

introduced in the North Carolina Senate to expressly allow a defendant to “revoke

[his waiver of jury trial] until such time as the first witness is sworn.” That proposed

amendment failed. See An Act to Establish Procedure for Waiver of The Right to a

Jury Trial in Criminal Cases in Superior Court: Hearing on H.B. 215 Before the

Subcomm. on the Judiciary B of the H. Comm. On the Judiciary, 2015 Leg.

 The intent of our General Assembly was to prevent a defendant from forcing

undue delays by invoking the revocation period provision as late as the day of his

trial. If Defendant wanted to take advantage of the ten-day revocation rule, he should

have given advance notice and requested arraignment prior to trial. See N.C. Gen.

Stat § 15A-1201(e).

 B. Prejudice

 Even were we to presume Defendant could show the trial court erred by

granting his requested waiver of a jury trial, Defendant must also show the actions

of the trial court prejudiced him to receive a new trial. See Swink, 252 N.C. App. at

221, 797 S.E.2d at 332; see also State v. Ashe, 314 N.C. 28, 39, 331 S.E.2d 652, 659

 - 12 -
 STATE V. RUTLEDGE

 Opinion of the Court

(1985) (“when a trial court acts contrary to a statutory mandate and a defendant is

prejudiced thereby, the right to appeal the court’s action is preserved,

notwithstanding [the] defendant’s failure to object at trial.”). In State v. Love, this

Court stated: “However, a new trial does not necessarily follow a violation of statutory

mandate. Defendants must show not only that a statutory violation occurred, but

also that they were prejudiced by this violation.” 177 N.C. App. 614, 623, 630 S.E.2d

234, 240-41 (2006) (citations omitted).

 N.C. Gen. Stat. § 15A-1443 places the burden on Defendant to show a

“reasonable possibility that, had the error in question not been committed, a different

result would have been reached at trial.” N.C. Gen. Stat. § 15A-1443(a) (2017). “A

defendant is not prejudiced by the granting of relief which he has sought or by error

resulting from his own conduct.” N.C. Gen. Stat. § 15A-1443(c) (2017). See also State

v. Barber, 147 N.C. App. 69, 74, 554 S.E.2d 413, 416 (2001) (“a defendant who invites

error has waived his right to all appellate review concerning the invited error,

including plain error review”).

 If Defendant wanted to waive his jury trial in accordance with N.C. Gen. Stat.

§ 15A-1201, he needed to request a formal arraignment prior to trial and deliver

notice of intent to waive at either that arraignment time, or the time of the calling of

the calendar. Defendant failed to do either.

 - 13 -
 STATE V. RUTLEDGE

 Opinion of the Court

 Defendant waited until the day of trial to announce his intention to waive his

right to trial by jury. Presuming, without finding, the trial court’s grant of

Defendant’s requested waiver was error under N.C. Gen. Stat. § 1201, Defendant has

failed to and cannot show prejudice under N.C. Gen. Stat. § 15A-1443.

 The record is devoid of any indication tending to show a jury would have been

privy to exculpatory evidence that this trial court did not consider. Defendant

initiated and requested the waiver of a jury trial on the day of trial. Defendant made

the strategic choice to request a bench trial and was informed of the potential

consequences of his request and proceeded to trial. The trial court’s grant of such

request, even if it was shown to be in technical violation of N.C. Gen. Stat. § 15A-

1201, was not prejudicial. Defendant’s arguments are overruled.

 VI. Conclusion

 Defendant clearly initiated his choice for a bench trial and proceeded to trial

and testified after being fully advised and counseled on the potential consequences.

He has not shown that his own strategic choice to waive his right to a jury trial on

the day of trial prejudiced him in any way.

 We hold the trial court did not commit any error to warrant a new trial by

allowing Defendant to waive his right to a jury trial and proceed to trial on the

scheduled trial date. Defendant’s conviction and the judgment entered thereon are

affirmed. It is so ordered.

 - 14 -
 STATE V. RUTLEDGE

 Opinion of the Court

AFFIRMED.

Judges INMAN and HAMPSON concur.

 - 15 -