IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-848

Filed 18 June 2024

Haywood County, No. 22CRS050850

STATE OF NORTH CAROLINA

v.

TIMOTHY JOHN RAGER

Appeal by Defendant from judgment entered 17 February 2023 by Judge Marvin P. Pope, Jr., in Haywood County Superior Court. Heard in the Court of Appeals 20 March 2024.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Ameshia Cooper Chester, for the State-Appellee.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender David S. Hallen, for Defendant-Appellant.*

COLLINS, Judge.

Defendant Timothy Rager appeals from judgment entered after a bench trial finding him guilty of making harassing phone calls and being intoxicated and disruptive in public. Defendant argues that the superior court lacked jurisdiction to try him for being intoxicated and disruptive in public, that he did not knowingly and voluntarily waive his right to a jury trial, and that there was insufficient evidence to convict him of making harassing phone calls.

Because the district court acquitted Defendant of being intoxicated and

disruptive in public, the superior court lacked jurisdiction to try Defendant for that charge; we vacate Defendant's conviction for being intoxicated and disruptive in public. Furthermore, because the superior court failed to conduct any inquiry to determine whether Defendant knowingly and voluntarily waived his right to a jury trial and Defendant has met his burden of establishing prejudice, Defendant is entitled to a new trial for making harassing phone calls. However, Defendant failed to preserve a challenge to the sufficiency of the evidence of making harassing phone calls, and we therefore dismiss that portion of his appeal.

## I. Background

Defendant called the Waynesville Police Department forty-two times in the late evening of 9 April 2022 and nine times in the early morning of 10 April 2022 seeking information about an ongoing investigation concerning an alleged assault of which he was a victim. Dispatchers informed Defendant that the detective investigating the case was not on duty and that he needed to call during business hours. Defendant "used profanity" towards the dispatchers and "requested to speak to the person in charge."

Sergeant Ryan Craig spoke with Defendant and explained that he had no information about the case and that Defendant needed to contact the investigating detective during business hours. During the call, Defendant "sounded [like] he was impaired or intoxicated . . . ." Defendant told Craig "that he was going to walk up to the Waynesville Police Department to talk further[,]" and Craig told Defendant "that

[it] was probably not a good idea based on his demeanor, his attitude, [and] the way that he continuously was using profanity[.]"

Approximately thirty minutes later, Craig saw Defendant standing in the parking lot adjacent to the Waynesville Police Department. As Craig approached Defendant, he detected a strong odor of alcohol and observed that Defendant was "visibly unsteady on his feet." Defendant had slurred speech and used profanity towards Craig. Craig explained to Defendant that "if he did not stop and calm down that he would end up going to jail, upon which time [Defendant] again used profanity[.]"

Defendant was arrested for making harassing phone calls and being intoxicated and disruptive in public. Defendant appeared pro se in district court and was found guilty of making harassing phone calls and not guilty of being intoxicated and disruptive in public. The district court entered judgment upon Defendant's conviction for making harassing phone calls, and Defendant appealed to superior court.

Defendant appeared pro se in superior court. Defendant was tried in a bench trial for making harassing phone calls and for being intoxicated and disruptive in public and was found guilty of both charges. The superior court sentenced Defendant to 45 days of imprisonment, suspended for twelve months of supervised probation. Defendant appealed to this Court.

## II. Discussion

### A. Appellate Jurisdiction

As a threshold issue, we must determine whether we have jurisdiction to hear this appeal.

"Notice of appeal shall be given within the time, in the manner and with the effect provided in the rules of appellate procedure." N.C. Gen. Stat. § 15A-1448(b) (2023). An appeal in a criminal case may be taken by either "giving oral notice of appeal at trial" or by "filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days after entry of the judgment or order[.]" N.C. R. App. P. 4(a). "Written notice of appeal must specify the party or parties taking the appeal, designate the judgment or orders from which appeal is taken and the court to which appeal is taken, and be signed by counsel of record or a *pro se* defendant." *State v. Rowe*, 231 N.C. App. 462, 465, 752 S.E.2d 223, 225 (2013) (citing N.C. R. App. P. 4(b)). When a defendant has not properly given notice of appeal, this Court is without jurisdiction to hear the appeal. *State v. McCoy*, 171 N.C. App. 636, 638, 615 S.E.2d 319, 320 (2005).

Defendant's pro se written notice of appeal did not designate the judgment from which he was appealing or the court to which he was appealing and did not indicate service upon the State. Acknowledging these defects, Defendant filed a petition for writ of certiorari. This Court may issue a writ of certiorari "in appropriate circumstances . . . to permit review of the judgments and orders of trial tribunals

when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C. R. App. P. 21(a)(1). In our discretion, we grant Defendant's petition for writ of certiorari and reach the merits of his appeal.

## B. Superior Court Jurisdiction

Defendant argues, and the State concedes, that the superior court lacked jurisdiction to try him for being intoxicated and disruptive in public because the district court acquitted him of the charge.

"We review issues relating to subject matter jurisdiction de novo." *State v. Oates*, 366 N.C. 264, 266, 732 S.E.2d 571, 573 (2012) (citation omitted).

"Any defendant convicted in district court before the judge may appeal to the superior court for trial de novo." N.C. Gen. Stat. § 7A-290 (2023). The jurisdiction of the superior court is derivative and arises only upon an appeal from a conviction in district court. *State v. Petty*, 212 N.C. App. 368, 372, 711 S.E.2d 509, 512 (2011).

Here, there was significant confusion as to what Defendant had been found guilty of in district court and which charges were before the superior court for a trial de novo. The following exchange took place between the superior court, the State, and Defendant prior to trial:

> THE COURT: You know the statute number right off the bat? 14-232 or something like that, I remember. I just thought it would save time if you had it.
>
> [THE STATE]: 14-196(a)(3) and 14-444.
>
> THE COURT: Okay. There are actually two charges. One is harassing phone call, and the other one is appearing

intoxicated in a public place and that you were disruptive.

[DEFENDANT]: Yes, sir.

THE COURT: Okay?

Now, was he found guilty of both of those? Is the State appealing both of those or just harassing phone call?

[THE STATE]: Both of them.

THE COURT: It's a trial de novo. Trial de novo means it's a new trial to everything.

[DEFENDANT]: That's fine.

THE COURT: So you understand -- well, let me make sure I'm telling you right from what they said.

Okay. You were found not guilty of intoxicated and disruptive in district court.

[DEFENDANT]: Yes, sir.

THE COURT: And you were found guilty of harassing phone call on September 14, 2022, before Judge Forga.

[DEFENDANT]: Yes, sir.

THE COURT: Okay. So you appealed, and it's a trial de novo, so you're facing charges for both things now; okay?

[DEFENDANT]: Understood.

Contrary to the State's assertion, Defendant was not found guilty of both charges in district court; he was only found guilty of making harassing phone calls. Furthermore, the superior court incorrectly explained to Defendant that he was facing a trial de novo for both charges. Because Defendant was found not guilty in district court of being intoxicated and disruptive in public, he was only facing a trial de novo in superior court for making harassing phone calls. As such, the superior court lacked jurisdiction to try Defendant for being intoxicated and disruptive in

public, and we vacate Defendant's conviction for this charge.

## C. Jury Trial Waiver

Defendant next argues that the superior court erred by conducting a bench trial without complying with N.C. Gen. Stat. § 15A-1201 to ensure Defendant's knowing and voluntary waiver of his constitutional right to a jury trial. Defendant specifically argues that the superior court failed "to address [him] personally or determine whether [he] fully understood and appreciated the consequences of his decision to waive the right to trial by jury."

Our Supreme Court has determined that the superior court's failure to conduct an inquiry pursuant to the procedures set forth in N.C. Gen. Stat. § 15A-1201(d) is merely a statutory violation, as opposed to structural error or a constitutional violation. *See State v. Hamer*, 377 N.C. 502, 507, 858 S.E.2d 777, 781 (2021). Thus, to succeed on a claim that the superior court failed to comply with N.C. Gen. Stat. § 15A-1201, a defendant must show both that the superior court violated the statute and that such violation prejudiced him. *See State v. Swink*, 252 N.C. App. 218, 221, 797 S.E.2d 330, 332 (2017). We review de novo whether the superior court violated the statute. *State v. Mumma*, 257 N.C. App. 829, 836, 811 S.E.2d 215, 220 (2018). To establish prejudice, a defendant must show that "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C. Gen. Stat. § 15A-1443(a) (2023).

Article I, Section 24 of the North Carolina Constitution protects a defendant's right to a jury trial and provides that a defendant may waive that right in limited circumstances:

> No person shall be convicted of any crime but by the unanimous verdict of a jury in open court, except that a person accused of any criminal offense for which the State is not seeking a sentence of death in superior court may, in writing or on the record in the court and with the consent of the trial judge, waive jury trial, subject to procedures prescribed by the General Assembly.

N.C. Const. art. I, § 24. The right to a jury trial and the exception for a defendant to waive that right is codified by N.C. Gen. Stat. § 15A-1201(a)-(b). The procedures for waiver of a jury trial are codified by N.C. Gen. Stat. § 15A-1201(c)-(f). To waive a jury trial, a defendant must give notice of intent to waive a jury trial by any of the three methods enumerated in N.C. Gen. Stat. § 15A-1201(c).

Upon a defendant's notice of waiver, "the State shall schedule the matter to be heard in open court to determine whether the judge agrees to hear the case without a jury." N.C. Gen. Stat. § 15A-1201(d) (2023). The judge who will preside over the trial must make the "decision to grant or deny the defendant's request for a bench trial[.]" *Id.* "Before consenting to a defendant's waiver of the right to a trial by jury, the trial judge shall do all of the following:"

> (1) Address the defendant personally and determine whether the defendant fully understands and appreciates the consequences of the defendant's decision to waive the right to trial by jury.

> (2) Determine whether the State objects to the waiver and, if so, why. Consider the arguments presented by both the State and the defendant regarding the defendant's waiver of a jury trial.

*Id.* "Neither N.C. Gen. Stat. § 15A-1201(d)(1) nor applicable case law has established a script for the colloquy that should occur between a superior court judge and a defendant seeking to exercise his right to waive a jury trial." *State v. Rutledge*, 267 N.C. App. 91, 97, 832 S.E.2d 745, 748 (2019).

In *Swink*, the superior court's colloquy with defendant was sufficient to comply with N.C. Gen. Stat. § 15A-1201(d). 252 N.C. App. at 224, 797 S.E.2d at 334. There, the court conducted a hearing on defendant's request to waive his right to a jury trial eight weeks before trial. *Id.* at 219, 797 S.E.2d at 331. The court engaged in the following colloquy with defendant at that hearing:

> THE COURT: Sir, are you able to hear and understand me?
>
> [DEFENDANT]: Yes, sir.
>
> THE COURT: And are you under the influence of any alcoholic beverages, drugs, narcotics or pills at this time?
>
> [DEFENDANT]: No, sir.
>
> THE COURT: And how old are you?
>
> [DEFENDANT]: 40.
>
> THE COURT: And at what grade level can you read and write?
>
> [DEFENDANT]: Probably 11th grade right now, 11th.
>
> THE COURT: Do you suffer from any mental handicap or physical handicap that would prevent you from understanding what's going on in this courtroom?
>
> [DEFENDANT]: No, sir.

> THE COURT: And you are represented by counsel.
>
> [DEFENDANT]: Yes, sir.
>
> THE COURT: And you had the opportunity to discuss this waiver with him?
>
> [DEFENDANT]: Yes, Sir.
>
> THE COURT: And he has discussed with you the pros and cons of waiving these Constitutional rights to a jury trial?
>
> [DEFENDANT]: Yes, sir.
>
> THE COURT: And having balanced those pros and cons, you have made the decision -- and it is your decision, you understand that?
>
> [DEFENDANT]: Yes, sir.
>
> THE COURT: Not anybody else's.
>
> [DEFENDANT]: Yes, sir.
>
> THE COURT: That you prefer to have a judge decide your case as opposed to a jury of 12 individuals?
>
> [DEFENDANT]: Yes, sir.

*Id.* at 219-20, 797 S.E.2d at 331-32. The court concluded that defendant "knowingly and with advice from counsel . . . made his individual decision to waive his right to a jury trial and will be allowed to go forward with a bench trial." *Id.* at 224, 797 S.E.2d at 334. Defendant signed a written waiver form that same day. *Id.*

At the start of trial eight weeks later, the superior court asked whether defendant still desired to waive his right to a jury trial, and defense counsel affirmatively responded that it was. *Id.* at 224, 797 S.E.2d at 334-35. Defendant and defense counsel then signed a certification form. *Id.* at 224, 797 S.E.2d at 335. Although defendant argued on appeal that the superior court "failed to adequately

determine whether defendant made a knowing and voluntary waiver of his right to a jury trial[,]" *id.* at 219, 797 S.E.2d at 331, this Court held that "the record reflect[ed] that [defendant's] waiver was knowing and voluntary." *Id.* at 225, 797 S.E.2d at 335.

Similarly, the superior court's colloquy with defendant in *Rutledge* was sufficient to comply with N.C. Gen. Stat. § 15A-1201(d). 267 N.C. App. at 98, 832 S.E.2d at 749. There, at the beginning of his trial, defendant requested to waive his right to a jury trial. *Id.* at 93, 832 S.E.2d at 746. Defense counsel confirmed to the court that he had "engag[ed] in prior discussions with the prosecutor about the waiver, and asserted the State had no objections." *Id.* The court then conducted the following colloquy with defendant:

> THE COURT: . . . . I'm advised that, by [defense counsel], that it is your desire to waive a jury trial in this matter and have a bench trial; is that correct?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: And you do understand, sir, that you have the right to have 12 jurors, jurors of your peers, selected, that you have the right to participate in their selection pursuant to the rules set forth in our law and that any verdict by the jury would have to be a unanimous verdict, unanimous of the 12? Do you understand that?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: You have the right to waive that and instead have a bench trial, which would mean that the judge alone would decide guilt or innocence and the judge alone would determine any aggravating factors that may be present were you to waive your right to a jury trial. Do you understand that?
>
> DEFENDANT: Yes, sir.

> THE COURT: Have you talked with [defense counsel] about your rights in this regard and the ramifications of waiving a jury trial?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Do you have any questions about the jury trial or your rights therein?
>
> DEFENDANT: No, sir.
>
> THE COURT: All right. And, sir, is it your decision then that you wish, and your request, that the jury trial be waived and that you be afforded a bench trial?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: All right. Thank you, sir.

*Id.* at 93-94, 832 S.E.2d at 746. Although defendant argued on appeal that the superior court failed to "solicit much of the information normally required in order to determine if a waiver is [made] knowing[ly] and voluntar[ily][,]" *id.* at 97, 832 S.E.2d at 748, this Court held that the superior court's colloquy with defendant established that he fully understood and appreciated the consequences of his decision to waive his right to a jury trial. *Id.* at 98, 832 S.E.2d at 749.

In *Hamer*, on the other hand, the superior court's colloquy with defendant failed to comply with N.C. Gen. Stat. § 15A-1201(d) because it was untimely. 377 N.C. at 509, 858 S.E.2d at 782. There, prior to trial, the court discussed waiver with defense counsel in the presence of defendant but did not personally address defendant. *Id.* After the State rested its case, the court revisited the requirements of N.C. Gen. Stat. § 15A-1201(d) and personally addressed defendant in the following exchange:

- 12 -

THE COURT: . . . I was just reading 20-1250—I'm sorry—15A-1201, we complied completely with that statute with the exception of the fact that I'm supposed to personally address the defendant and ask if he waives a jury trial and understands the consequences of that. Would you just explain that to your client.

(Pause in proceedings while [defense counsel] consulted with the defendant.)

[DEFENSE COUNSEL]: Okay, Your Honor.

THE COURT: Okay. . . .

. . . .

[Defendant], I just have to comply with the law and ask you a couple of questions. That statute allows you to waive a jury trial. That's 15A-1201. Your [defense counsel] has waived it on your behalf. The State has consented to that. Do you consent to that also?

DEFENDANT: Yes, sir.

THE COURT: And you understand that the State has dismissed the careless and reckless driving. The only allegation against you is the speeding, and that is a Class III misdemeanor. It does carry a possible fine. And under certain circumstances it does carry [a] possibility of a 20-day jail sentence. Do you understand that?

DEFENDANT: Yes, sir.

THE COURT: All right. Is that acceptable to you?

DEFENDANT: Yes, sir. I feel confident it was.

*Id.* at 504-05, 858 S.E.2d at 779-80.

Our Supreme Court noted that "[a]lthough the [superior] court's colloquy was untimely, [N.C. Gen. Stat.] § 15A-1201(d)(1) simply requires the [superior] court to 'determine whether the defendant fully understands and appreciates the consequences of the defendant's decision to waive the right to trial by jury.'" *Id.* at

509, 858 S.E.2d at 782 (quoting N.C. Gen. Stat. § 15A-1201(d)(1)). The Court determined that "the pretrial exchange between the [superior] court, defense counsel, and the State, coupled with defendant's subsequent clear and unequivocal answers to questions posed by the [superior] court demonstrated that he understood he was waiving his right to a trial by jury and the consequences of that decision." *Id.* at 509, 858 S.E.2d at 782-83. Ultimately, the Court concluded that there was "no evidence in the record to demonstrate that defendant was not aware of his right to a jury trial or his right to waive the same." *Id.* at 509, 858 S.E.2d at 783. The Court additionally concluded that, because there was overwhelming evidence of defendant's guilt presented at trial, there was no reasonable possibility that, had the error in question not been committed, a different result would have been reached in a jury trial. *Id.* at 510, 858 S.E.2d at 783.

Here, the proceedings began with the following exchange between the State and the superior court:

> [THE STATE]: Your Honor, this is Margin Number 45, Timothy Rager. He's previously waived his right to a jury trial and has requested to proceed on a bench trial.
>
> As a courtesy, I spoke briefly with him and let him know that -- and he is also representing himself, Your Honor. I let him know the rules of evidence would apply, advised him of hearsay and other rules, and that he would be held to the same standard as an attorney. So we've advised him of that, so hopefully we'll have a smooth trial this morning.
>
> THE COURT: Okay. First thing I'll ask you to do, sir, is sign a waiver for a jury trial.

Do we have a form for that?

[THE STATE]: There might be one in the file.

THE COURT: We get one before we start the trial in superior court, and we get another waiver in superior court that he's waiving his right to an attorney.

[THE STATE]: Your Honor, may I approach with the witness list?

THE COURT: Sure.

Mr. Rager, am I saying your name correct?

[DEFENDANT]: Yes, sir. And what was your name?

THE COURT: Tell me why you want to represent yourself.

[DEFENDANT]: Just, I think I can manage my side. I think I've got this.

THE COURT: Okay. You understand that you have a right to have a lawyer represent you?

[DEFENDANT]: Yes, sir.

The court's subsequent colloquy with Defendant regarding his decision to represent himself comprises fifteen of the forty-one pages of the trial transcript, and the court specifically found "based upon the totality of the circumstances, that the defendant knowingly, intelligently, competently, and voluntarily desires to waive the right to representation by an attorney and to represent himself." Yet, unlike *Swink*, *Rutledge*, and *Hamer*, there is no record evidence that the superior court personally addressed Defendant or conducted any colloquy whatsoever to determine whether he fully understood and appreciated the consequences of his decision to waive his right to a jury trial. Although the State represented to the superior court that Defendant had previously waived his right to a jury trial, there is no record evidence to support

this representation. Accordingly, as the State concedes, the superior court erred by failing to comply with the requirements of N.C. Gen. Stat. § 15A-1201(d) "to 'determine whether the defendant fully understands and appreciates the consequences of the defendant's decision to waive the right to trial by jury.'" *Hamer,* 377 N.C. at 509, 858 S.E.2d at 782 (quoting N.C. Gen. Stat. § 15A-1201(d)(1)).

Also, unlike *Hamer*, there is no record evidence demonstrating that Defendant was aware of his right to a jury trial or his right to waive the same, or that Defendant was aware of the consequences of that decision. Defendant appeared pro se in district court for a bench trial and nothing in the record indicates that Defendant knew or had reason to know that he was entitled to a jury trial in superior court. Although there is a signed waiver of counsel form in the record, neither the transcript nor the form itself indicates whether Defendant signed this form prior to trial. Thus, while the record in *Hamer* "tend[ed] to show that defendant's strategy was to have the merits of his case decided in a bench trial[,]" *Id.* at 509, 858 S.E.2d at 783, the record in the present case is devoid of any such evidence.

Furthermore, unlike *Hamer*, the evidence of Defendant's guilt presented at trial was not overwhelming. Defendant was charged with misdemeanor making harassing phone calls by repeatedly telephoning the Waynesville Police Department "for the purpose of annoying and harassing" the dispatch and officers at that number. *See* N.C. Gen. Stat. § 14-196(a)(3) (2023).

The State's only witness, Sergeant Craig, testified that Defendant had called

the Waynesville Police Department's non-emergency number forty-two times in the late evening of 9 April 2022 and eight times in the early morning of 10 April 2022, seeking information about "a provocation that he was involved in that . . . was being investigated or being handled by Detective Evan Davis." Sergeant Craig did not personally receive any of the phone calls but became aware of the calls by his dispatchers complaining to him about the number of times Defendant had called. Sergeant Craig testified that Defendant was repeatedly told that Detective Davis was not on duty at that time and that he needed to contact during business hours.

Sergeant Craig heard the final phone call but did not hear any of the previous phone calls. During that call, the dispatcher advised Defendant again that Detective Davis was not on duty. When Defendant said that he wanted to speak to someone in charge, the dispatcher said that she would have Sergeant Craig contact him. At that point, Defendant used profanity towards the dispatcher. Sergeant Craig called Defendant in the early morning of 10 April.

On cross-examination, Sergeant Craig acknowledged that Defendant had explained to him that he had been a victim of an assault and was trying to gather information about that case. When asked if Defendant was entitled to information about that case, Sergeant Craig responded, "It's public record, so you're able to access it, if you would like."

Defendant testified that he was calling the police department "searching for records[,]" and that he had "been denied it multiple times." He further testified, "I

- 17 -

can't be polite every single time I call. For them to expect me to be is unreasonable. I have been polite. I have called politely and asked for records to no avail, Your Honor." He additionally testified that during the previous week he had "called during regular business hours to no avail[.]"

Based on the evidence presented at trial, there is a reasonable possibility that, had the case been tried before twelve jurors rather than a judge, at least one juror would have found that Defendant's repeated telephone calls were not "for the purpose of annoying and harassing" the dispatch and officers at that number, *see* N.C. Gen. Stat. § 14-196(a)(3), such that the jury would not have convicted Defendant, resulting in a different result reached at trial, *see id.* § 15A-1443(a).

Accordingly, the superior court prejudicially erred by failing to comply with the requirements of N.C. Gen. Stat. § 15A-1201 to determine whether Defendant knowingly and voluntarily waived his right to a jury trial, and Defendant is entitled to a new trial for making harassing phone calls.

### D. Sufficiency of the Evidence

Defendant argues that "[t]he evidence was insufficient as a matter of law to convict [him] on the charge of harassing phone calls."

A defendant in a criminal case may not challenge the sufficiency of the evidence on appeal unless a motion to dismiss is made at trial. N.C. R. App. P. 10(a)(3). Defendant concedes that he did not make a motion to dismiss at trial but argues that "[t]his Court should invoke Rule 2, if needed, to resolve these claims on

the merits." This Court may suspend the provisions of the Rules of Appellate Procedure "[t]o prevent manifest injustice to a party[.]" N.C. R. App. P. 2.

> As our Supreme Court has instructed, we must be cautious in our use of Rule 2 not only because it is an extraordinary remedy intended solely to prevent manifest injustice, but also because "inconsistent application" of Rule 2 itself leads to injustice when some similarly situated litigants are permitted to benefit from it but others are not.

*State v. Bishop*, 255 N.C. App. 767, 770, 805 S.E.2d 367, 370 (2017) (citing *State v. Hart*, 361 N.C. 309, 317, 644 S.E.2d 201, 206 (2007)). In our discretion, we decline to invoke Rule 2 and dismiss this portion of Defendant's appeal.

## III. Conclusion

The superior court lacked jurisdiction to try Defendant for being intoxicated and disruptive in public, and we therefore vacate Defendant's conviction for this charge. Moreover, the superior court prejudicially erred by failing to comply with the requirements of N.C. Gen. Stat. § 15A-1201 to determine whether Defendant knowingly and voluntarily waived his right to a jury trial, and Defendant is entitled to a new trial for making harassing phone calls. Because Defendant failed to preserve a challenge to the sufficiency of the evidence of making harassing phone calls, we dismiss that portion of his appeal.

VACATED IN PART; NEW TRIAL IN PART; DISMISSED IN PART.

Chief Judge DILLON and Judge GORE concur.